## HANCOCK *v.* WATSON *et al.*

Where a mortgage describes the property as the "interest in the quartz mill and lode formerly owned by John H. Hancock, said interest being one-half of the mill and lode," extrinsic evidence is admissible to identify the property.

The grammatical construction of an instrument is not always to be followed, but rather that construction which will accomplish the object for which it was executed.

The rule as to extrinsic evidence in order to determine what passes and who takes by an instrument is, that every material fact that will enable the Court to identify the person or thing mentioned in the instrument, and place the Court, whose province it is to declare the meaning of the words used, as near as may be in the situation of the parties to the instrument, is admissible.

Appeal from the Eleventh District.

10

Action to foreclose a mortgage on a quartz mill and lode against the mortgagors and Duck & Sanders, who are subsequent purchasers of the property under execution sale.   The complaint describes the mill and lode more minutely than it is described in the mortgage, locating them at Bath, formerly called Sarahsville, Placer county, and avers that this is the same property described in the mortgage.   The decree for plaintiff follows the description in the complaint—the Court below having permitted plaintiff, against defendant's exception, to introduce parol testimony to identify the property.   The witnesses for plaintiff, among whom was a subscribing witness to the mortgage, proved that when the mortgage was given the matter was talked over, and that it was intended to mortgage a certain quartz mill and lode near the town of Bath, formerly called Sarahsville, Placer county; and that this mill was known as the Hancock mill and lead until Waston bought an interest, and then it was known as the Hancock and Watson mill and lead; and that this was the only mill and lead Hancock owned at or near Bath, etc.; that defendants Duck & Sanders had said before they acquired any interest in the property, that plaintiff had a mortgage on this mill near Bath, but doubted whether it was good; that the mill and lead had been generally known in the neighborhood since 1853.   Defendants appeal.

*Tuttle & Hillyer*, for Appellants.

The mortgage is void for want of any sufficient description of the property.   (*Neil* v. *Hughes*, 10 Gill & Johns.; *Mesick* v. *Sunderland*, 6 Cal. 311–12; *Stafford* v. *Lick*, 13 Id.; *Kea* v. *Robeson*, 5 Ired. Eq. 373; Bacon's Max. Reg. 23; 2 Parsons on Cont. 72; 1 Greenl. on Ev. secs. 297–9; 5 Ohio, 454; 4 Mass. 204; 13 Johns. 102.)

The only description in this instrument is "the quartz mill and lead."   The words "*formerly owned by John H. Hancock*" qualify the word "*interest*," and not the words "mill and lead."

*Thos. H. Williams* and *Hale & Smith*, for Respondent, to the point that the mortgage only presented a latent ambiguity which could be explained by parol evidence, cited 1 Greenl. Ev. secs.

286–288; *Stanley* v. *Green*, 12 Cal. 148; *Wagonblast* v. *Washburn*, Id. 208; *McDonald* v. *Bear River Co.*, 13 Id. 220.

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to foreclose a mortgage upon the undivided half of a quartz mill and lode situated in Placer county. The property is described in the mortgage as the " interest in the quartz mill and lode formerly owned by John H. Hancock, said interest being one-half of the' mill and lode." The only question presented relates to the sufficiency of this description. The appellants contend that it is so defective and uncertain as to render the mortgage inoperative and void. The respondent claims that although defective, it is sufficient to entitle him to resort to extrinsic evidence to establish the identity of the property. His right to do this is the turning point, and the only subject of inquiry in the case. Of course, this evidence is not admissible to bring within the operation of the mortgage any property not referred to. It can be used for no other purpose than to assist the Court in arriving at the intention of the parties as expressed in the mortgage itself. It is argued by counsel that there is nothing in the description, grammatically construed, which amounts to a designation of the mill and lode in any manner whatever. They contend that the words " formerly owned," etc., refer to and qualify the word " interest," and cannot be regarded as descriptive of the mill and lode. But the idea of separating the description of the interest from that of the property in which the interest was owned, would seem to be impracticable. Unquestionably, no one can read the description without receiving as distinct an impression in regard to the whole property as to the interest mortgaged, and as against this obvious effect of the description no particular collocation of its words can or ought to prevail. A grammatical construction is not always to be followed, and it has been well said that neither false English nor bad Latin will make void a deed when the meaning of the party is apparent. In construing an instrument, that construction is always to be adopted which will accomplish the object for which the instrument was executed.

Hancock *v.* Watson.

This view appears to us to be decisive of the case. It is not pretended that the description in the mortgage is inaccurate. The objection is to its sufficiency, and this objection is based upon the ground of uncertainty as to the property referred to. But *certum est quod certum reddi potest,* and if, pursuing the terms of the description, the property can be identified by resorting to extrinsic facts, there is no foundation for the objection. The question is not whether the mortgage ought to be enforced, but whether it can be; and the law will not pronounce an instrument hopelessly uncertain until forced to do so, after exhausting upon it all the light to be gathered from contemporaneous facts. The rule in relation to the admissibility of extrinsic evidence in such cases was clearly and accurately stated by Parke, B. in *Shore* v. *Wilson* (9 Cl. & Fin. 556). "For the purpose," said he, "of applying the instrument to the facts, and determining what passes by it, and who take an interest under it, every material fact that will enable the Court to identify the person or thing mentioned in the instrument, and place the Court, whose province it is to declare the meaning of the words of the instrument, as near as may be in the situation of the parties to it, is admissible in evidence." Parsons, in his work on Contracts, says the law will not stop in the endeavor to remove uncertainty, until it is found that the instrument must be set aside and another one substituted before certainty can be attained. (2 Parsons on Cont. 74.)

The facts relied upon in this case are entirely consistent with the description in the mortgage, and establish beyond controversy the identity of the property.

Judgment affirmed.