Hon. GEORGE B. LAKE, Chief Justice.
" DANIEL GANTT,
" SAMUEL MAXWELL, } Associate Justices.

$$\frac{6 \quad 1}{55 \quad 625}$$

CHARLES H. FREY, PLAINTIFF IN ERROR, v. WENZEL DRAHOS, DEFENDANT IN ERROR.

1. **Conveyance**: DESCRIPTION OF PROPERTY: APPURTENANCES. The property as described in a mortgage was "one frame grain elevator warehouse, * * * with all the appurtenances thereto belonging." Under this description the plaintiff claimed title to an engine house, together with the engine and boiler complete; also an office building, and a stationary Fairbanks scale—the former situated over fifty feet, and the latter over one hundred feet distant from the warehouse, and entirely disconnected therefrom. *Held*, That as a matter of law, the property in question could not be regarded as appurtenant to the warehouse, nor did it pass to the mortgagee under the general term "appurtenances thereto belonging."

3

2. ———: ———:———. By the term "appurtenances" is commonly understood in law, purely incorporeal hereditaments usually annexed to lands or to houses. But the word may be used by parties to a contract in a broader and much more comprehensive sense, and when the proof shows that it was so used a corresponding effect should be given to it.

3. ———: ———: EVIDENCE. Where there is no ambiguity in the description of property in a deed, parol testimony is not admissible to show what was in fact conveyed. Nor is it competent for a witness to give his opinion as to what was appurtenant to property conveyed, and a question which in effect called for such an opinion was rightly excluded.

ERROR to the district court for Cuming county. Tried below before GRIFFEY, J. The facts were as follows:

On the twentieth of November, 1874, the Grange Company, of Cuming County, was the owner of a certain frame grain elevator warehouse, situated on ground leased by them of the Sioux City and Pacific R. R. in West Point. On that date the Grange Company executed a chattel mortgage on said building to the Milburn Wagon Company, describing the property as one frame grain elevator warehouse; and, after said description, in the granting clause thereof, grants "*all the appurtenances thereto belonging.*" This chattel mortgage was made to secure certain promissory notes made by said Grange Company to the said Milburn Wagon Company. On the twenty-fourth day of June, A.D. 1875, the mortgage was foreclosed, the building described therein sold, and a bill of sale thereof made to the said Milburn Wagon Company, describing the property as the said grain elevator, with all its appurtenances, "the same as held and described in said mortgage."

On the sixth day of December, A.D. 1875, the said Milburn Wagon Company executed a bill of sale to

Wenzel Drahos, the defendant in error, of the following described property, to-wit: "The Grange elevator; one engine, stationary; engine-house; one twenty-six-flue boiler; one frame office; one pair Fairbanks standard scales, together with all appurtenances thereto belonging."

On the fourth day of March, A.D. 1876, upon two executions issued out of the county court of Cuming county, and directed to the sheriff of said county, the following property was levied upon by said sheriff, as the property of said Grange Company of Cuming county, to-wit: One ten-horse engine and boiler; one engine house; one Fairbanks hay scale, complete; one office, ten feet by twelve; one grate bar; five wrenches; one gauge-cock; one cast-iron pump and pipe; one driving belt; four bars of iron, in addition to some other property, which was duly advertised for sale, to satisfy said executions.

On the thirteenth day of March, A.D. 1876, and before the sale on said executions, the said property last herein described was taken from the possession of the sheriff upon an order of replevin, at the suit of the said Wenzel Drahos, the defendant in error, against Charles H. Frey, the sheriff, Drahos claiming title to the property by virtue of his purchase from the Milburn Wagon Company. The court below found in his favor, and Frey brought the cause here by petition in error.

*Crawford & McLaughlin* and *E. Wakeley*, for plaintiff in error.

It is admitted by the defendant in error that the property in question was owned by the Grange Company of Cuming County, at and before the twentieth

day of November, 1874, but it is claimed that these articles of personal property, passed, by the chattel mortgage above referred to, as "appurtenances" to the frame grain elevator warehouse, to the Milburn Wagon Company, and that the title of the defendant in error is derived from said chattel mortgage, through the said Milburn Wagon Company as purchasers at the foreclosure sale of said mortgage.

It makes no difference that these articles of property are specifically described in the bill of sale from the Milburn Wagon Company to the defendant in error; if this specific property did not pass to the said Milburn Wagon Company under the said chattel mortgage then the defendant in error derived no title under the bill of sale from the said Milburn Wagon Company. This we think is admitted by the evidence of the defendant in error.

If this is true, then the bill of sale from the Milburn Wagon Company to the defendant in error is no evidence of title in the defendant, and should not have been allowed as evidence in the trial of the case in the court below, because it assumes the very question in controversy.

Neither do we think that the chattel mortgage should have been allowed as evidence in the first instance without laying a foundation by showing that this identical property and each article of it was *appurtenant* to the frame grain elevator warehouse. It in fact was no evidence at all without such foundation, and should have been excluded. The law requires the best evidence. 1 Greenleaf on Evidence, 97–99.

The main question to determine in this case is, did the property in dispute pass with the frame grain elevator warehouse by the foreclosure of the chattel mortgage to the said Milburn Wagon Company?

Appurtenances are things belonging to another thing as principal, and which pass as incident to the principal thing. The term as used in conveyances passes nothing but the land and such things as belong thereto, and are part of the realty, or, as some authorities put it, whatever is necessary to the commodious enjoyment of a thing. Burrill's Law Dictionary.

When applied to conveyances of real estate, the term *appurtenances* has but little, if any signification. The instrument would include just as much without the word as with it. It cannot be made to include any thing not belonging to the realty. If it could be made to include articles pertaining to the business carried on upon the realty, then the sale of a farm with its appurtenances, would include the farming implements used on the farm. On the other hand, whatever belongs or pertains to the realty, or is necessary to its proper enjoyment (such as an easement, a right-of-way or the like) would pass under the term appurtenances, and we have no doubt the same rights would pass without the word as with it.

Suppose we apply the same rule to the case under consideration, and leave out the word "appurtenances," what would pass in a conveyance of one frame grain elevator warehouse? Would an engine, boiler, scales, and scale house pass, situated, as the evidence in this case shows, from sixty to one hundred feet from the said warehouse, and having no connection with it at all, and purchased and erected, not for the purpose of running said warehouse alone, but for the general business of the Grange Company, who contemplated running different kinds of machinery at the place where situated? We think not.

The term appurtenances, though not synonymous, is frequently used in the same sense with fixtures, and the

law applicable to fixtures will no doubt apply with equal force to appurtenances.

On the question whether such property and machinery, situated, not sixty or one hundred feet from the principal thing mortgaged, but situated in and against the principal building, are fixtures, so that they constitute a part of the real estate, or principal thing, we refer to the following authorities holding that such property are not fixtures and do not pass with the realty, or principal thing. *Murdock v. Gifford,* 18 N. Y., 28. *Potter v. Cromwell,* 40 N. Y., 287. *Teaf v. Hewitt,* 1 Ohio State, 511. *Hill v. Wentworth,* 28 Vt., 428. *Bartlett v. Wood,* 32 Id., 372. *Gale v. Ward,* 14 Mass., 352. *Sheldon v. Edwards,* 35 N. Y., 279. *Cresson v. Stout,* 17 Johns., 116.

*Stevenson & Carrigan,* for defendant in error.

I.   The first error complained of is that the court erred in admitting the bill of sale from the Milburn Wagon Company to said plaintiff Wenzel Drahos as evidence. Upon this proposition we urge that it was incumbent upon the plaintiff below to establish by testimony title to the chattel in question, and certainly the most direct and expeditious mode that could be adopted was the introduction of a conveyance to him from his immediate grantor, and following that by such testimony as would satisfactorily establish title and right of possession in him.. We further urge that the order in which testimony is received on the trial of a cause is discretionary with the presiding judge, and will not be reviewed by an appellate court.

II.   The second error complained of is the introduction of the chattel mortgage from the Grange Com-

pany to the Milburn Wagon Company, the foreclosure of the same for the reason that it was not first shown that the "identical property, and each article of it, was appurtenant to the frame Grange elevator warehouse."

The identity of the chattels in controversy with those contained in the chattel mortgage were questions of fact for the jury, and the question as to the chattels being included in the general term appurtenances, is one of law for the court to decide. The mortgage was then properly admitted as evidence of title, and the best and only evidence that could have been introduced.

III.   We have then, as disclosed by the record between the parties thereto, a common source of title of the subject matter of controversy, a conveyance in the nature of a mortgage to the Milburn Wagon Company, foreclosure and sale of the mortgaged chattels purchased by the Milburn Wagon Company at the sale, conveyance by the last named corporation to Wenzel Drahos. No line of testimony could be more complete and perfect, provided, of course, the description of chattels in the mortgage from the Grange Company, and the subsequent conveyances, cover the chattels replevied in this action.

IV.   The evidence discloses that the elevator warehouse was erected for the purpose of handling and storing grain; that the chattels in controversy consist of one ten-horse power engine and boiler complete; one frame office, one pair of Fairbanks scales complete, one engine-house, wrenches, etc.; that the engine and boiler were used as the propelling power of said elevator, and placed within a convenient distance for that purpose, and without which the elevator would be

wholly useless for the purposes of its construction. The scales and office were used for the purpose of weighing all grain that was placed in said grain elevator, the same being erected for that purpose and for no other, and without which it would be impossible to carry on the business for which said elevator was erected, in a successful manner. We must then conclude that the elevator warehouse was the principal, and the engine, boiler, scales, office, etc., were accessory and incident thereto, and consequently passed with the sale of the principal.

It is contended by the counsel that the word "appurtenances" is used in the same sense as fixtures, and the rules of law governing the latter are applicable to the former; in this we think the counsel is in error.

We find that where a conveyance is of a factory or mill, etc., *eo-nomine*, with the privileges and appurtenances, if the article in question is an essential part of the mill or factory, it is included in that term and passes therewith, whether real or personal property. *Farrar v. Stackpole*, 6 Maine, 154. *Lathrop v. Blake*, 3 Foster, 46. *Baldwin v. Walker*, 21 Conn., 168. *Hoskin v. Woodward*, 45 Penn. State, 42. *Pickerell v. Carson*, 8 Iowa, 544.

LAKE, CH. J.

The vital question presented in this record is whether the property in dispute was included in the mortgage given by the Grange Company to the Milburn Wagon Company.

The description in the mortgage of the property conveyed is, "One frame grain elevator warehouse situated on the ground of the Sioux City and Pacific R. R. Company east of their side track, nearly opposite the pas-

senger depot of said R. R. company, in the city of West Point, Cuming county, Nebraska, with all the appurtenances thereto belonging."

If the property in controversy was covered by this description then the judgment of the district court is right and should be sustained, but if otherwise, it is wrong and must be reversed. The following is a list of the property, viz.: One ten-horse power engine and boiler complete, one grate bar, five wrenches, one gauge cock, one pump and pipe, one rubber belt, four bars of iron, one engine house, one Fairbanks scale complete, and one office ten by twelve feet in size, none of which articles was either in, or attached to the warehouse mentioned in the mortgage.

But it is claimed on the part of the defendant in error that, although this property was not specifically mentioned in the mortgage through which he derived his pretended title, yet it was covered, and the title passed from the Grange Company, by force of the words "*appurtenances thereto belonging,*" and it was upon this construction of the instrument alone that he recovered in the court below.

Not only was none of this property in, or attached to the warehouse, but, excepting the rubber belt, was located and used not less than fifty feet distant therefrom. In fact, as shown by the testimony, the office building and Fairbanks scale were at least one hundred feet away, and were used by the Grange Company in the prosecution of the other business in which they were engaged as well as in that of handling grain. The rubber belt was the means of connecting the engine with the machinery of the warehouse when in operation; at other times it was taken off and laid aside.

No case was cited by counsel for the defendant in error which goes so far as to hold that property of this

description, and situated as this was with reference to the warehouse, would pass as an appurtenance. Indeed we have been unable to find one that would sustain us in so holding.

What is an appurtenance? It is said that "The term is commonly confined in law to the purely incorporeal hereditaments that are commonly annexed to lands or to houses, and may as well include common as any other right." Bouvier's Law Dictionary, 29. *Lister v. Pickford*, 34 Beav., 576. And in *Harris et al. v. Elliott*, 10 Peters, 25, is mentioned a saying of Lord Coke, that "A thing corporeal cannot properly be appurtenant to a thing corporeal, nor a thing incorporeal to a thing incorporeal." It is, however, doubtless true that the word is frequently used in a more enlarged and comprehensive sense, and when it can be gathered from all the attendant circumstances that it was so understood and used by the parties, a corresponding effect should be given to it in the interpretation of a contract. But here we have no fact or circumstance to indicate that the parties intended to use it in any other than its purely legal sense. It is not at all probable that the Milburn Wagon Company would have omitted a specific mention of the office building and scale, situated at least one hundred feet from the warehouse, if it had been the understanding that they were to pass by the deed. Nor is it reasonable to suppose that the engine and engine house of the value of several hundred dollars, and more than fifty feet distant, would have escaped particular mention, had it been intended that they should be conveyed. We feel bound to hold, therefore, that the property in controversy was not, in law, appurtenant to the elevator warehouse, and did not pass by the mortgage to the Milburn Wagon Company.

It is also assigned for error that the court excluded

from the jury evidence that the Grange Company refused to include this particular property in the mortgage when requested to do so.

There is no doubt that the rule governing the admission of evidence in explanation of written instruments, or, perhaps more properly, to connect the instrument to the precise subject upon which it was intended to operate, is substantially as claimed by counsel for plaintiff in error. But there was nothing in the case as made by the defendant in error which called for this sort of proof, for under no circumstances that we can conceive could this property be treated as appurtenant to the warehouse. And, besides, the questions by which it is said this proof would have been elicited were very clearly objectionable, and we perceive no error in the rulings of the court in this respect.

On this point the witness Karl was asked, "What particular property the mortgage was to cover?" This was very properly excluded. There was no ambiguity in the mortgage as to the property which it purported to convey, and the question clearly called for incompetent testimony.

Again, the same witness was asked "What were the appurtenances to the elevator warehouse at the time of giving said mortgage?" This, too, was incompetent. It in effect called for the opinion of the witness on a question which it was the province of the jury to decide. It was the office of the witness to detail facts and circumstances within his knowledge showing the situation of the property, and its exact relation to the warehouse, leaving to the jury, under proper instructions, the determination of the question whether it was appurtenant or not. These remarks will apply with equal force to each of the other questions in respect to which it is claimed the court erred.

For the reason, therefore, that the verdict was not warranted by the testimony and law of the case, the judgment of the district court must be reversed, and a new trial awarded.

REVERSED AND REMANDED.