DIXSON, Appellant, v. LADD, Respondent.

(142 N. W. 259.)

1.  **Appeal—Instructions—Evidence—Harmless Error.**

> In replevin for a desk claimed by plaintiff by purchase on foreclosure of a chattel mortgage covering a grain elevator and appurtenances, the trial court admitted evidence to show that the parties did not intend the mortgage to cover the desk, and the only evidence before trial court bearing upon question whether the desk was an appurtenant to the elevator, was, that the mortgagor used it in his elevator office, and the words "other appurtenances" in the mortgage. **Held,** that admission of the evidence as to intention of parties, and the instructions given concerning the evidence, were not prejudicial error.

2.  **Chattel Mortgages—Property Included—"Appurtenances."**

The word "appurtenances," although ordinarily used in connection with incorporeal hereditaments commonly annexed to lands or to houses, frequently includes corporeal articles of personalty necessary to the operation of the land or building and similar in their nature to that whereunto they are appurtenant; and, held, that a chattel mortgage upon a grain elevator, together with weights, scales, and appurtenances, does not include a roll-top desk kept in the elevator office.

3.  **Replevin—Right to Recover—Plaintiff's Own Title.**

A plaintiff in replevin must recover on his own title, and defendant, though not the owner, if in possession of the property, is entitled to judgment where plaintiff has no title and no right of possession.

4.  **Chattel Mortgages—Foreclosure on Elevator—Effect on Desk in Elevator Office.**

Where a chattel mortgage on a grain elevator in which a desk used there by mortgagor was housed at time of foreclosure and while the elevator was under constructive seizure by sheriff, such seizure will not give purchaser at foreclosure any right to the desk, which was not included in the mortgage, as against a subsequent purchaser from mortgagor who held the keys to the elevator for several days after foreclosure sale.

(Opinion filed June 28, 1913.)

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by H. A. Dixson against W. P. Ladd, in claim and delivery for an office desk. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Bartine & Bartine,* and *Wederath & Waggoner,* for Appellant.

The desk in controversy was covered by the mortgage. If not in express terms, under all the evidence.

Appurtenances as applied to real estate has a strict legal and technical meaning but as applied to personal property it is given a broad and liberal construction. Pickerell v. Carson, 8 Iowa (8 Clark) 544, 551; Doyle v. Lord, 64 N. Y. 432, 437, 21 Am. Rep. 629; Hall v. Irvin, 79 N. Y. Supp. 614, 617, 78 App. Div. 107; Frey v. Drahos, 6 Neb. 1, 10, 29 Am. Rep. 353; 2 Am. & Eng. Ency. of Law, p. 524, note; Secs. 189, 386, Civil Code, S. D.; Swift v. Brownell, (U. S.) 23 Fed. Cas. 544-557.

Indefinite description of the property is cured by acts of the parties and property may be thereby brought under the mortgage. Am. & Eng. Annotated Cases, Vol. 4, p. 485.

The instruction of the court concerning appurtenances, was erroneous. We submit that the real intention of the parties is not binding on the purchaser at the sale.

The court, proceeding, states: "If the desk mentioned in the complaint was not intended by the mortgagor and mortgagee to be included in the mortgage at the time it was entered into then the plaintiff received no title under the sheriff's bill of sale to the desk in question and cannot recover and your verdict should be in favor of the defendant." This makes such condition necessary to recovery by the plaintiff. If appellant is correct in his contention that what the mortgagor and mortgagee meant, is not necessarily conclusive as to him, then the jury did not consider the evidence under a proper interpretation of the law by the court and probably decided the case guided by this instruction. The court, continuing, instructed the jury that in determining the intention, etc., they had a right to take into consideration the condition and conversation leading up to, surrounding and in connection with the execution and delivery of the mortgage, "and all other facts and circumstances proved upon the trial that may aid you in determining this question." The appellant contends that this expression does not cure the error in the instruction.

*Jones & Jones,* and *Chas. D. Howe,* for Respondent.

He who claims title to personal property must show how that title was derived, and the only proper evidence upon the question of title in plaintiff was drawn out under the cross-examination of plaintiff, who there testified his only claim was by virtue of the sheriff's bill of sale.

The elevator building, with all permanent additions thereto, and all scales, bins and machinery connected therewith passed by the sale under the mortgage and bill of sale of the sheriff. What "other appurtenances, thereunto belonging," passed, depends upon the meaning of the word as applied to the use of the elevator.

In view of the statements in the mortgage, Exhibit "B," and bill of sale, Exhibit "A," and plaintiff testifying he relied solely upon the bill of sale for his title, the charge of the court is not open to criticism.

This desk was not appurtenant to the elevator. Webster Dictionary; 3 Cyc. 566; Farrar v. Stakpole 6 Greenleaf (Maine) 154, S. C. 19, Am. Dec. 201; Gazzam v. Moe, 40 Wash. 593, 82 Pac. 912, 8 L. R. A. (N. S.) 793, note 1; Frey v. Drayhos, 6 Neb. 1 29 Am. R. 353.

The word appurtenant is used in our statute as referring only to land, and not to personal property; and fails to mention an instance where personal property is appurtenant to personal. Civil Code, Sec. 189.

Admitting that there can be an appurtenance to personal property, and that the party intended to cover other articles than those mentioned, the law contemplates the intention to be to cover only articles belonging to the elevator of the same general class as those mentioned, to-wit: bins, scales and machinery. Chapin v. Garretson, 85 Iowa, 377, 52 N. W. 104; (Minn.) 41 N. W. 1045; (Oregon) 17 Pac. 143.

It cannot be claimed that the desk in question was connected with the proper use of the elevator.

It is claimed by appellant that because the desk in question was in the elevator at the time of the mortgage sale, and as the keys were delivered to the purchaser, the desk passed with the elevator. As well claim title to any other property therein.

WHITING, P. J. This is an action of replevin brought in justice court, and seeking to recover the possession of one certain roll-top desk. Plaintiff claims to be the owner under and by virtue of a purchase upon foreclosure of a chattel mortgage, which covered "that certain elevator together with the scales, bins, machinery ,and other appurtenances thereunto belonging, located. * * *" Defendant claims to be the owner by purchase from the mortgagor, and the evidence reveals the fact that, whether the owner or not, he was, at the time action was brought, holding under possession received by delivery of the property to him by the mortgagor. Judgments in justice court and upon a new trial in circuit court were in favor of the defendant. This appeal is from the latter judgment, and from an order denying a new trial.

[1] The appellant has assigned numerous errors based upon the rulings of the court in admitting and rejecting evidence, and upon certain instructions given the jury. Appellant has no right

to this property unless he acquired it by the purchase on foreclosure. There is no claim that the desk in question was sold or offered for sale separate from the elevator. There was no evidence received or offered showing that, upon the foreclosure, there was any representation or claim that the mortgage covered the desk, or showing any fact that would estop either the mortgagor or respondent from claiming that title to the desk did not pass under the foreclosure. There was no evidence offered, other than the mortgage itself, that would tend to show in the slightest degree that the parties to the mortgage intended the same to cover the desk. There was, however, evidence received over appellant's objection showing that the parties did not intend the mortgage to cover such desk. The instructions complained of were based upon this evidence that was received over appellant's objection. There was no evidence offered or received which bore upon the question of whether or not the desk was an appurtenance to the elevator, except evidence of the fact that the mortgagor had it to use in its office in the elevator. It therefore follows that no matter how erroneous the rulings or instructions of the court may have been, they were errors without prejudice, unless by the use of the words "other appurtenances," and proof that the desk was used in the office of the elevator, it appeared that the desk was covered by the mortgage, as otherwise the court would have been bound to direct a verdict in favor of respondent if one had been requested.

[2] The word "appurtenance" is commonly used in connection with real property, and its meaning, when used in a transfer of a building which chances to be real property, would be no different than when the said term is used in a transfer of a building which chances to be personal property; that is, all other things being the same, whatever would be appurtenant to a building which is real estate would also be appurtenant to the same building if, owing to the fact that such building stood upon land not owned by the owner thereof, it chanced to be personal property. The term "appurtenance" is commonly confined in law to those purely incorporeal hereditaments that are commonly annexed to lands or to houses, and, strictly speaking, anything corporeal cannot properly become an "appurtenance." The use of the term "appurtenance" as a part of the description in a transfer

is usually mere surplusage, as anything which in the true and strict sense of the word "appurtenance" would be held to be appurtenant to the principal thing sold would pass under a transfer merely describing the principal thing.

But, as was well said in the case of Frey v. Drahos, 6 Neb. 1, 39 Am. Rep. 353: "It is, however, doubtless true that the word is frequently used in a more enlarged and comprehensive sense, and when it can be gathered from all the attendant circumstances that it was so understood and used by the parties, a corresponding effect should be given to it in the interpretation of a contract." Thus it has been held that, under the term "appurtenance," corporeal articles of personal property passed under conveyance of land or buildings. But it is not all property situate upon land or within buildings that will pass as an "appurtenance" to such land or building; it must still be a thing which in its nature agrees with the use to which the building is put; in other words, it must agree in its nature with the thing whereunto it is appurtenant. Thus, in the case of a grain elevator, those tools and machinery therein contained and used, which from their nature are proper and convenient to be used in connection with the building in the handling of grain in said elevator might in a proper case be held to be "appurtenant" to such building; it could not, however, be held to cover an article of personal property having nothing to do with the handling of grain—the purpose for which the building was constructed. 2 Am. & Eng. Ency. Law 520; 3 Cyc. 565; Jones on Chattel Mortgages (5th Ed.) § 136; Ottumwa Woolen Mill Co. v. Hawley, 44 Iowa, 57, 24 Am. Rep. 720; Frey v Drahos, 6 Neb. 1, 29 Am. Rep. 355; Riddle v. Littlefield, 53 N. H. 503, 16 Am. Rep. 388. It is therefore clear that the term "appurtenance" did not cover the roll-top desk.

[3] Appellant must recover, if at all, upon the strength of his own title. If he procured no title or right of possession by virtue of the purchase on the foreclosure, then, as against the respondent, to whom possession was delivered by the elevator corporation, appellant could have no rights; and this regardless of whether or not the respondent was the owner of the property.

[4] Appellant has urged that, for purpose of foreclosure, the mortgagor allowed the desk to be turned over to the mortgagee along with the elevator, and that this delivery of possession cured

any defect in description. There was no evidence to support any such contention. From its nature the elevator was incapable of seizure and removal by the sheriff. He did not remove the desk therefrom. The keys of the elevator were held by respondent for several days after the sale. The fact that the desk was allowed to remain in the building and was therein at time of sale, did not cause it to pass under the foreclosure any more than would wheat or other grain therein have passed.

The judgment and order are affirmed.