SEJNOHA, Appellant, v. BUCHANAN et al., Respondents

(23 N. W.2d 142.)

(File No. 8839. Opinion filed May 27, 1946.)

**Royhl & Longstaff,** of Huron, for plaintiff and Appellant.

**Temmey & Luby,** of Huron (**Charles P. Warren,** of Pierre, of counsel on the brief), for defendants and Respondents.

SMITH, J. The parties to this action own adjoining 25 foot lots in the business section of Wolsey, South Dakota. A former owner erected a two-story brick building upon plain-

tiff's lot. In adding to the frame building which occupied a portion of his lot defendant had previously attached the wall of two rooms to the south wall of plaintiff's building. In April of 1945 defendant applied to the city council for permission to erect a frame addition to the structure on his lot. The council granted the requested permission by unanimous vote. The defendant intends to attach the proposed addition to the south wall of plaintiff's building. Plaintiff brought this action to restrain defendant, (1) from using the south wall of his building, and (2) from erecting a frame structure within the fire limits of Wolsey. The court found that plaintiff's building overlapped his lot and that the south 7½ inches of the described wall of plaintiff's building rested upon defendant's lot. It concluded that defendant's proposed construction, as well as the use of the wall, was rightful. This appeal is from a judgment on the merits dismissing plaintiff's complaint.

As we have indicated, the court found that 7½ inches of the south wall of plaintiff's building rested on defendant's lot. The testimony of defendant's engineer and an exhibit prepared by him placed 7¼ inches of the wall on defendant's lot. As his first proposition plaintiff urges that the court (a) erred in receiving the testimony of defendant's engineer, and the above-mentioned exhibit for the reason that the starting point upon which his survey rested was not established as a monument of the original survey of Wolsey, and (b) that the competent evidence fails to support the above-described finding of the court. The error, if any, of the court in this ruling and finding appears harmless when considered in connection with the settled law of this jurisdiction, and with certain undisputed facts.

In the case of Scottish-American Mortgage Co., Limited, v. Russell, 20 S. D. 42, 104 N. W. 607, wherein an injunction was sought to enforce payment for a party wall, in affirming a judgment for defendant, this court held that one purchasing property of the owner, who has entered into a party wall agreement, without notice, actual or constructive, of the existence of such an agreement, is not bound thereby to pay any portion of the expense of the wall in or-

der to entitle him to the use of that portion situated on his lot. It is therefore the law of this jurisdiction that, in the absence of a controlling covenant or of an estoppel, an adjoining owner is entitled to use so much of a division line wall as rests upon his land.

██ ██ We turn to the undisputed facts. The plans used in the construction of plaintiff's building were identified by the architect and by the contractor, and were offered and received in evidence. These plans picture a building 26 feet 1 inch in width with 13 inch brick side walls. Lines designated as "party lines" 25 feet apart indicate that the building was intended to overlap the 25 foot lot a distance of 6½ inches on each side. The plaintiff recalled the contractor and established by him that he had the lot surveyed by the county surveyor; that the surveyor staked out the position of the building on the ground before construction commenced; and that the side walls encroached on the lots to the north and the south of the building. It further appears without dispute that the south surface thereof is the only portion of the wall the defendant has used or intends to use. This use consists in spreading plaster and cement. According to the record, there has been and will be no penetration of the wall.

It having been established without dispute that the portion of the wall defendant has used and intends to use rests on his lot, we think it manifest that neither the testimony of defendant's engineer, the above-mentioned exhibit, nor a finding of the precise portion of the wall resting on defendant's property were essential to the conclusions and judgment of dismissal. Plaintiff failed to prove either that defendant had trespassed, or intended to trespass. Hence we conclude that the error, if any, was without prejudice and harmless. Error without prejudice is not a ground for reversal. Dixson v. Ladd, 32 S. D. 163, 142 N. W. 259, 46 L. R. A., N. S., 206, Ann. Cas. 1916A, 253; Holbert v. Parish, 38 S. D. 13, 159 N. W. 871.

██ The plaintiff contends the court erred in refusing to compel defendant to pay a reasonable compensation for

the use of the wall. As indicated above, in Scottish-American Mortgage Co. v. Russell, supra, this court held that a purchaser of property without notice of the existence of a party wall agreement is not bound to pay any part of the expense of the wall in order to entitle him to use the portion thereof located on his ground. Citing Spaulding v. Grundy, 126 Ky. 510, 104 S. W. 293, 13 L. R. A., N. S., 149, 128 Am. St. Rep. 328, 15 Ann. Cas. 1105, plaintiff seeks to distinguish the present case from that of Scottish-American Mortgage Co. v. Russell on the ground that this wall was not erected pursuant to a party wall agreement. We think · the two cases are indistinguishable. That the existence of such a contract might strengthen the claims of a plaintiff, if the subsequent purchaser defendant had notice of its existence, is implicitly indicated by our decision supra. We are unable to perceive how the non-existence of such an agreement could improve such a plaintiff's position. We think the contention is ruled by Scottish-American Mortgage Co. v. Russell, supra. · In the circumstances assumed by plaintiff the majority of courts do not recognize liability based on use of the wall. 3 Tiffany, Real Property, 3d Ed., 228, § 770. See Annotation 15 Ann. Cas. 1107, and 21 Harvard L. Rev. 222.

■ ■ The plaintiff contends that the proposed building is absolutely prohibited by Section 63 of the ordinances of Wolsey and therefore the injunction should have issued. The ordinance reads: "Buildings Within the Fire Limits. No person shall, without the written permission of the City Council, which said permit shall not be granted without the vote of two-thirds of all the members of the City Council of said City of Wolsey voting in favor of such permit, erect or place upon any lot or part of lot within the fire limits of the town, any building or part thereof, without outer solid walls of stone or brick or cement, at least eight inches thick, roofed with fireproof roofing, nor rebuild nor repair any building damaged fifty percent of its value (such damage to be determined by the City Council of the City, or its authorized committee appointed for that purpose,) by fire or otherwise, unless the outer walls and roof shall be constructed of in-

cumbustible material as hereinbefore specified. Provided, however, that nothing herein contained shall be construed to prohibit the erection within said fire limits of any building the outer walls of which are composed of wood, but that such building shall not be more than ten feet square, nor more than eight feet high, and shall not be attached to nor within ten feet of any other wooden structure, nor stand within fifty feet of Main Street in the fire limits of the town or village."

The plaintiff advocates an interpretation of this ordinance as absolutely prohibiting the construction of all new buildings or additions without outer walls and roof of the described fireproof character, except the structures described in the proviso. Our function is to discover and declare the intention of the legislative body. In words too clear to be misunderstood, the ordinance expresses an intention to reserve to the city council the power, by a two-thirds vote, to authorize the building of new structures within the fire limits of materials other than those described in the ordinance. A holding that the contention is untenable is impelled.

Other propositions argued in the briefs are deemed not to merit discussion.

The judgment of the trial court is affirmed.

All the Judges concur.

MUNDT, Circuit Judge, sitting for POLLEY, J.