STORMO, Appellant v. CITY OF DELL RAPIDS, Respondent

(70 N. W.2d 831)

(File No. 9482.   Opinion filed June 7, 1955)

**Ralph W. Arneson,** Hayti, **Loucks, Oviatt & Bradshaw,** Watertown, for Appellant.

**Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for Respondent.

ROBERTS, J.   This action was brought by plaintiff, administratrix of the estate of Herbert Stormo, her deceased husband, against the City of Dell Rapids to recover damages for the death of her intestate alleged to have been caused by the negligence of the city.

The complaint alleges that defendant owned and operated a gas plant; that it maintained underground pipe lines to convey gas to the premises of its customers; that on May 9, 1953, there was an explosion in the basement of a building wherein plaintiff's husband was employed, caused by the igniting of escaping gas by a lighted match and deceased was severely burned; that the city had negligently failed to repair the gas line from which the gas escaped though it had knowledge of the leak; and that the explosion occurred at about 8:45 a. m. and in the evening of the same day Herbert Stormo died as the result of his injuries.   Plaintiff instituted this action for wrongful death on March 27, 1954.

Defendant filed its answer interposing four separate defenses.   Plaintiff by leave of this court appeals from an order denying motion to strike the second defense.   The answer in this particular reads as follows:   "The Defendant corporation, for its second defense and for an affirmative defense, states that neither the decedent, Herbert Stormo during his lifetime, nor the Plaintiff herein, nor their agents or attorneys, gave written notice of the time, place and.cause of the injuries sustained by the said Herbert Stormo, deceased, or of the death of the said Herbert Stormo, to the Auditor or Clerk of the Defendant corporation within sixty days after the date that said Herbert Stormo sustained his alleged injuries, as required by SDC 45.1409, and that by reason thereof this action cannot.be maintained by the Plaintiff against the Defendant corporation."

The trial court denied the motion on the ground that the provisions of SDC 45.1409 are applicable to an action for

wrongful death. This section reads as follows: "No action for the recovery of damages **for personal injury or death** caused by its negligence shall be maintained against any municipality unless written notice of the time, place, and cause of the injury is given to the auditor or clerk by the person injured, his **agent, or attorney,** within sixty days **after the injury.** Such notice shall not be deemed invalid or insufficient by reason of any inaccuracy in stating the time, place, or cause of injury, if it is shown that there was no intention to mislead and that the governing body was not misled thereby. Any action for such recovery must be commenced within two years **from the occurrence of the accident causing the injury or death."** (Italics added.)

This section had its origin in Chap. 90, Laws 1907, and was incorporated into the Revised Code 1919 as Section 6339. As first enacted, this section read and now reads, "No action for the recovery of damages for personal injury or death" caused by negligence shall be maintained against any municipality unless written notice of the time, place and cause of the injury is given "by the person injured," his "agent, or attorney" within sixty days "after the injury," and any action for such recovery must be commenced within two years "from the occurrence of the accident causing the injury or death".

Counsel for plaintiff cite Rowe v. Richards, 32 S.D. 66, 142 N.W. 664, 666, L.R.A. 1915E, 1069, as holding that this statute requiring a notice of claim to a municipality does not apply to an action for wrongful death. The original act, Chap. 90, Laws 1907, provided in the title that said act was an "Act Concerning Liability of Cities and Towns for Personal Injuries". This court held that because of the constitutional requirement that the subject of an act be expressed in the title the provision for notice could not apply to an action for wrongful death since the title related only to liability for personal injuries. The court there also, in considering the requirement of notice of claim for wrongful death, said: "It further appears from an examination of the body of the law that its authors did not intend nor contemplate that the law should apply to liability for death; because, in addition to providing for the giving of the notice mentioned, it also provid-

ed by whom the notice was to be given. It must be given 'by the person injured, his or her agent or attorney, within sixty days after the injury.' From this it is clear that the act applies only to liability for personal injury as distinguished from death, because it is only during the lifetime of the person injured that he could give the notice or that he could have an agent or attorney for that purpose. Of course, it is probable that in case of the death of the injured party the notice required could be given by the executor or administrator, if one were appointed in time, but no provision is made for such a contingency, and it is apparent from the law that its authors had no such contingency in mind. Again, the law requires that the action must be brought within 'two years from the occurrence of the accident causing the injury or death.' If this provision were applied in a case like the one at bar, where the death did not occur for more than two years after the injury, this law, if given the interpretation contended for by appellant, would be a complete bar to an action for the recovery of damages caused by death. Such an interpretation would lead to an absurdity, and the words 'or death,' where they appear in this act, must be held to be mere surplusage."

The revisions of 1919 and 1939 constituted newly enacted legislation and the 1907 act having been included therein it is conceded that the objection that the scope of the title was not broad enough to include claims against a municipality for wrongful death has been obviated. Plaintiff asserts that the alternative ground that the statute by its terms did not apply to such claims stands as a direct authority on the question and invokes the principle that when a statute judicially construed is reenacted it carries with it the construction placed upon it.

It is contended by defendant that the holding in Rowe v. Richards, supra, regarding the title was the point actually decided in the case and that statements therein to the effect that the staute by is very terms did not apply to claims for wrongful death were mere dicta. We are reminded of the duty of courts to refrain from judicial legislation and in construing a statute to look to the purpose of its enactment and to construe it, if possible, so that it is not inconsistent with

the policy of the legislature. Counsel assert that if effect is given to the legislative purpose and object to be accomplished the statute simply means that when a person sustains personal injury by reason of the negligence of a municipality such person or his agent or attorney shall give written notice in proper form within sixty days from the date of injury to the auditor or clerk of the city sought to be held liable. If the injuries cause the death of the injured person, then the person injured by such death, that is, the surviving wife or husband and children, or if there be neither of them, then the parents and next of kin, or their agents, which would include the personal representative of the deceased, if appointed, or their attorney, shall give written notice within sixty days from the time that they sustained injury or in other words within sixty days from the date of death.

Defendant cites and relies on Lee v. City of Ft. Morgan, 77 Colo. 135, 235 P. 348, wherein the Supreme Court of Colorado held that a statute providing that no action for " 'personal injury or death' " against a municipality sustained by reason of negligence shall be maintained unless notice of the claim shall be filed with the municipality within a specified time " 'by the person injured, his agent or attorney' " applies to actions for wrongful death. Other cases holding that a statute requiring a notice of claim expressly or impliedly provide for notice where injury results in death are Ward v. Jones, 39 Cal.2d 756, 249 P.2d 246; Pender v. City of Salisbury, 160 N.C. 363, 76 S.E. 228; Mercer v. City of Richmond, 152 Va. 736, 148 S.E. 803, 64 A.L.R. 1054; Nelson v. Logan City, 103 Utah 356, 135 P.2d 259.

In other jurisdictions, however, courts have construed statutes similar in their provisions to SDC 45.1409 as not requiring notice of claim for wrongful death to be filed with the municipality. Maylone v. City of St. Paul, 40 Minn. 406, 42 N.W. 88; McKeigue v. City of Janesville, 68 Wis. 50, 31 N.W. 298; Nesbit v. City of Topeka, 87 Kan. 394, 124 P. 166, 40 L.R.A., N.S., 749; Glasgow v. City of St. Joseph, 353 Mo. 740, 184 S.W.2d 412; Spangler's Adm'r v. City of Middlesboro, 301 Ky. 237, 191 S.W.2d 414; Bigelow v. Town of St. Johnsbury, 92 Vt. 423, 105 A. 34; Prouty v. City of Chicago, 250 Ill. 222.

95 N.E. 147; see also 25 C.J.S., Death, § 30; Annotation 64 A.L.R. 1054.

This court in Ulvig v. McKennan Hospital, 56 S.D. 509, 229 N. W. 383, expressly held that an action for death by wrongful act, SDC 37.22, is wholly statutory and is a new cause of action arising at the time of death and overruled a pronouncement in Rowe v. Richards, supra, to the effect that the wrongful death statute provided for survival of cause of action previously possessed by the deceased. See also Rowe v. Richards, 35 S.D. 201, 151 N.W. 1001, L.R.A.1915E, 1075. In dealing with the statute providing for notice to a municipality, we attach no significance to the Ulvig case. If the statute does not apply where the right of action in the deceased is continued in his representative, neither reason nor authority supports a different conclusion where the wrongful death action is considered a new cause of action. Courts holding claim statutes to be inapplicable to wrongful death actions have stressed the point that such an action is a different and not a continued right in the personal representative. Maylone v. City of St. Paul, supra; Glasgow v. City of St. Joseph, supra; Brown v. Salt Lake City, 33 Utah 222, 93 P. 570, 14 L.R.A.,N.S., 619.

■ We do not agree with counsel for the defendants that the portion of the opinion in Rowe v. Richards, supra, as to the applicability of the statute is mere dictum. There were two grounds upon which the decision was based and the adjudication of the court rested as much on the one as on the other. As was said in Bank of Italy Nat. Trust & Savings Ass'n. v. Bentley, 217 Cal. 644, 20 P.2d 940, 942: "Where two independent reasons are given for a decision, neither one is to be considered mere dictum, since there is no more reason for calling one ground the real basis of the decision than the other. The ruling on both grounds is the judgment of the court, and each is of equal validity." See also 21 C.J.S., Courts, § 190; Com. of Massachusetts v. United States, 333 U.S. 611, 68 S.Ct. 747, 92 L.Ed. 968; Swiss Oil Corporation v. Shanks, 208 Ky. 64, 270 S.W. 478; In re Finch's Estate, 239 Iowa 1069, 32 N.W.2d 819, 3 A.L.R.2d 1403; Jones v. Mutual Creamery Co., 81 Utah 223, 17 P.2d

256, 85 A.L.R. 908; Chase v. American Cartage Co., 176 Wis. 235, 186 N.W. 598.

■ ■ It is a well settled rule that where a statute which has been construed has been reenacted in substantially the same terms the legislature is presumed to have been familiar with the judicial construction and to have adopted it as a part of the law. Brink v. Dann, 33 S.D. 81, 144 N.W. 734; In re Gooder's Estate, 68 S.D. 415, 3 N.W.2d 478. True, the presumption is but an aid in ascertaining the legislative intent and is not conclusive. If the language of a statute is plain and unambiguous, expressing an intent contrary to the construction given it, effect must be given to such intent. There is then no occasion for construction. Elfring v. Paterson, 66 S.D. 458, 285 N.W. 443. On the contrary, the language of the statute in question is obscure and ambiguous and as we have indicated cases construing similar language are in irreconcilable conflict. The statute construed in 1913 as to its applicability to wrongful death actions has been twice reenacted and if it had been the legislative intent to require a notice of claim in case of wrongful death, words could and no doubt would have been used to express such purpose.

The order appealed from is reversed.

All the Judges concur.