YOST, Respondent v. YOST, Appellant

(139 N.W.2d 238)

(File No. 10227.  Opinion filed December 30, 1965)

**Austin, Hinderaker & Hackett,** Watertown, for defendant and appellant.

**Heidepriem & Widmayer,** Miller, for plaintiff and respondent.

ROBERTS, P. J.   This action for property damages arose out of an intersection collision between a pickup truck driven by defendant Edwin Yost and a Buick sedan driven by his brother Charles. A jury trial resulted in a verdict for plaintiff. Motion for judgment notwithstanding the verdict or, in the alternative, for new trial was submitted and denied. Defendant has appealed.

The evidence is without substantial dispute. The parties were the only eyewitnesses to the accident. The collision occurred at the intersection of two secondary roads in Hand County at about 9 o'clock on the morning of October 16, 1962. The weather was clear and the roads were dry. The north-south road was about 18 feet wide and graveled. The traveled portion of the east-west road was about 20 feet wide. The drivers had a clear and unobstructed view of the intersection with which both were familiar.

Plaintiff testified that as he approached the intersection from the south he looked for traffic and reduced his speed from 35 to 20 miles per hour and that he first saw the pickup truck when it was about 30 feet away. He further testified: "I thought there wasn't going to be a collision, I thought he would be able to go behind me." Defendant testified that as he approached the intersection from the west he first saw plaintiff's vehicle when it was in or near the intersection and that defendant then applied his brakes and turned to his left in an attempt to avoid a collision. The front of the pickup truck collided with the side of plaintiff's car to the rear of the left front fender. The highways intersect at right angles and there were no stop signs at the intersection.

Plaintiff as he approached the intersection was to the right of the defendant. SDC 1960 Supp. 44.0318 provides that when two vehicles approach an intersection at approximately the same time the vehicle on the left shall yield the right-of-way to the vehicle on the right. The jury was instructed in the words of the statute. Construing this statute in Fester v. George, 71 S.D. 424, 25 N.W.2d 455, this court stated: "The parties are approaching the intersection at 'approximately the same time' whenever the two vehicles are in such a relative position that upon an appraisal of all the factors in the situation it should appear to a man of ordinary prudence approaching from the left that there is danger of collision if he fails to yield the right of way." In Smith v. Aspaas, 71 S.D. 111, 21 N.W.2d 878, this court referring to the statute said: "If the vehicle on the right is traveling at a lawful speed, the test of the duty of the driver on the left to yield

the right of way to the vehicle on the right, under this statute, is whether both vehicles are approaching or entering the intersection at approximately the same time. Which car actually entered the intersection first is without legal significance in determining the right of way, if it appears that the vehicles approached or entered the intersection at approximately the same time."

■ ■ Defendant contends that the evidence establishes that plaintiff was guilty of negligence more than slight as a matter of law. He argues that plaintiff was obligated to look for approaching vehicles and failure to see what was in plain sight was contributory negligence sufficient to bar recovery. We recognize that the statutory right-of-way is not absolute and does not relieve the driver of the duty of exercising ordinary care to avoid collisions at an intersection. Jamieson v. Gerth, 61 S.D. 514, 249 N.W. 921; Smith v. Aspaas, supra. The driver approaching an intersection from the right has the right to assume that the driver from the left will yield the right-of-way unless it would appear to a man of ordinary prudence that the driver on the left does not intend to yield; in other words, he may assume ordinary care on the part of such driver until he observes the contrary. Roth v. Jelden, 80 S.D. 40, 118 N.W.2d 20.

■ ■ This court has held that the failure of a driver of a motor vehicle to see a vehicle which is favored over him at an intersection constitutes negligence more than slight and sufficient to defeat recovery. Kundert v. B. F. Goodrich Co., 70 S.D. 464, 18 N.W.2d 786; Robertson v. Hennrich, 72 S.D. 37, 29 N.W.2d 329; Rowan v. Becker, 73 S.D. 273, 41 N.W.2d 836; Alborn v. Arms, 74 S.D. 277, 52 N.W.2d 101. If the driver fails to see another vehicle not shown to be in a favored position, the presumption as we have indicated is that his right-of-way will be respected and other factors involved "such as the time when plaintiff could have discovered his plight, the position of the two vehicles at that moment, and the seconds which may have been available to him in which to react to his situation" make the question of his contributory negligence one for the jury. Grosz v. Groth, 78 S.D. 379, 102 N.W.2d 834.

Sanderson v. Westphalen, 178 Neb. 298, 133 N.W.2d 16, is a case in which the facts were similar to those here presented. Nebraska has a statute favoring a vehicle approaching an intersection from the right of another and a comparative negligence statute after which the enactment in this state was patterned. The rule applicable to determining whether evidence of negligence bars recovery as a matter of law is there concisely stated: "We think that the correct rule is that before a verdict can be directed against a driver for his failure to see another vehicle approaching a non-protected intersection, .the evidence must show without dispute that the other vehicle was located in a favored position and within the radius of danger. * * * Where a driver looks but fails to see an approaching vehicle which is not shown to be in a favored position, his negligence is usually a question for the jury."

The question whether plaintiff was guilty of negligence more than slight within the meaning of the comparative negligence statute was for the jury to decide. We can find no justifiable reason for disturbing the disposition made by the jury and the trial court.

Judgment appealed from is affirmed.

All the Judges concur.