WEEKS, Appellant v. PROSTROLLO SONS, INC., Respondent

(169 N.W.2d 725)

(File Nos. 10512, 10513. Opinion filed August 6, 1969)

**Bangs, McCullen, Butler & Foye, Joseph M. Butler,** Rapid City, and **Hanley, Wallahan, Driscoll & Murray, Franklin J. Wallahan,** Rapid City, for plaintiffs and appellants.

**Davenport, Evans, Hurwitz & Smith, Deming Smith, Lawrence L. Piersol,** Sioux Falls, for defendant and respondent.

HOMEYER, Judge.

These actions were consolidated for trial and resulted in a verdict for the defendant, Prostrollo Sons. Inc.,[1] in each case upon which separate judgments were entered. Plaintiffs'[2] motions for new trial were denied and they appeal.

Error is asserted in (1) instructions to the jury and (2) in refusing a new trial because of claimed invalid and inconsistent jury verdicts. In addition to denying reversible error on these points, defendant urges that if there was error, it was without prejudice because plaintiffs as a matter of law failed to establish submissible claims for jury consideration.

If the evidence is such that plaintiffs could not in any event recover judgment in these actions, or either of them, any error in instructions or in the verdicts would, of course, be without pre-

---

1. The actions were brought against Arnold McPherson, doing business as McPherson Propane Company, and Prostrollo Sons, Inc. Before trial McPherson settled and the cases were tried only on claimed liability of Prostrollo Sons, Inc. McPherson did not testify at the trial. Before trial Prostrollo moved that McPherson be excluded from participation in the trial and agreed to waive its right to bring an action for contribution or indemnity. The court granted such motion. Arnold McPherson will be herein refered to as McPherson, and the defendant, Prostrollo Sons, Inc., as Prostrollo.

2. Plaintiff in one case is Lewis W. Brandes. In the other case the plaintiff is Harold Weeks, who sues as guardian for Marcene Brandes, Lawrence Brandes, Barbara Brandes and Kelvin Brandes, who are minor children of Lewis W. Brandes.

judice and the judgments should be affirmed. Dixson v. Ladd, 32 S.D. 163, 142 N.W. 259; Sejnoha v. Buchanan, 71 S.D. 220, 23 N.W.2d 142; Unke v. Thorpe, 75 S.D. 65, 59 N.W.2d 419.

Plaintiffs were severely injured on August 31, 1963, as a result of a liquefied petrolemum gas or propane explosion while the Brandes pickup-camper was being refueled by McPherson at his place of business in Sturgis, South Dakota. The complaints in each action alleged that the proximate cause of the explosion was the concurrent negligence of McPherson and Prostrollo in violating certain safety rules and regulations promulgated by the South Dakota Fire Marshal governing the storage and handling of liquefied petroleum gas. Prostrollo's violations allegedly occurred in the installation of the propane tank and fittings on the Brandes pickup while converting it from a gasoline operated unit to a dual operation permitting use of either gasoline or liquefied petroleum gas. McPherson's violations allegedly occurred in refueling the pickup-camper at the time of the explosion.

### Sufficiency of the Evidence

■ Since Prostrollo has questioned the sufficiency of the evidence by proper motion preceding the asserted error, the evidence with all reasonable inferences therefrom must be construed in a light most favorable to plaintiffs when the motion was made, and not as is customary, to support the jury verdict.

■ With this principle of appellate review in mind, we have examined the evidence with care. The record is long. No useful purpose would be served in detailing the testimony. We are satisfied there is testimony from which the jury could find that the Prostrollo corporation and its officers and employees knew or should have known in the exercise of due care that the propane tank might be completely enclosed during refueling, either by a tool box or a camper. Thus the manner in which the propane tank was installed was not in conformity with safety regulations adopted by the State Fire Marshal and the court properly submitted the question of Prostrollo's negligence to the jury for determination.

■ Prostrollo also argues, even assuming the evidence would support a finding that it was negligent, nevertheless such negligence was only a condition and the negligence of McPherson subsequently intervened and was the sole legal cause of the accident. In our opinion under the evidence and what may be reasonably inferred therefrom, it was a question for the jury to decide if the negligence of McPherson superseded the negligence of Prostrollo and alone caused the accident. Conversely stated, it was for the jury to decide if the negligence of Prostrollo concurred with the negligence of McPherson to cause the injuries for which recovery is sought.

The case of Lewis W. Brandes is more difficult. Nevertheless, we are not prepared to say that on this record an appellate court should hold as a matter of law that the facts and circumstances are such that he cannot "in any event" recover in his case. See Froke v. Watertown Gas Company, 68 S.D. 266, 1 N.W.2d 590; General Tire & Rubber Co. v. Hamm, 69 S.D. 72, 6 N.W.2d 442; Kerr v. Staufer, 59 S.D. 83, 238 N.W. 156; Minnehaha Nat. Bank of Sioux Falls v. Torrey, 10 S.D. 548, 74 N.W. 890. We have said repeatedly that it is a rare case when contributory negligence and the comparative extent thereof can be determined as a matter of law, either by the trial court, Myers v. Quenzer, 79 S.D. 248, 110 N.W.2d 840, or by the appellate court on review. Yost v. Yost, 81 S.D. 588, 139 N.W.2d 238.

### Instructions

■ The trial court instructed the jury if it found that Prostrollo violated any of the regulations adopted by the State Fire Marshal such a violation[3] was evidence of negligence. We hold the giving of such instruction was reversible error.

Violation of several regulations is shown in the testimony, but the one relied on primarily by plaintiffs to establish negligence appears to be Regulation 4.3 (a) pertaining to location of fuel

---

3. The statutory authority for adoption of the regulations is SDCL, 1967, § 34-39-10 et seq. Regulations promulgated pursuant to such authority have the force and effect of law and the violation thereof is made a crime. Blakey v. Boos, 83 S.D. 1, 153 N.W.2d 305. See generally, Davis, Administrative Law Treatise, § 5.03, p. 299.

containers which among other things requires the container compartment to be vented to the outside. The evidence is undisputed that when either the tool box or the camper were mounted on the pickup, this did not exist.

In Blakey v. Boos, 83 S.D. 1, 154 N.W.2d 305,[4] we for the first time had before us for consideration the weight to be accorded violations of rules and regulations of administrative boards in negligence cases. We recognized conflicting precedents from other jurisdictions and elected to place such violations on a par with violations of safety statutes, Zakrzewski v. Hyronimus, 81 S.D. 428, 136 N.W.2d 572, and violations of safety ordinances, McCleod v. Tri-State Milling Co., 71 S.D. 362, 24 N.W.2d 485, which had been held by this court to establish negligence as a matter of law unless excused or justified.

Prostrollo seems to recognize that this court has committed itself to the rule we have stated, but argues the instruction was harmless. We do not agree.

In Richardson v. Gregory, 108 U.S.App.D.C. 263, 281 F.2d 626, Judge Burger characterized negligence generally as nothing more nor less than substandard care—want of that degree of care which the law requires in particular circumstances. He wrote: "Occasionally, however, legislative action fashions applicable standards of conduct which themselves fix the duty of care required. Failure to meet these community standards stamps the offender 'negligent', i. e., failing to exercise that degree of care necessary in the particular situation. From these considerations flows the general rule that where a particular statutory or regulatory standard is enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the statute, unexplained violation of that standard renders the defendant negligent as a matter of law. (Cases cited) In such case the court should instruct the jury accordingly."

---

4. Blakey v. Boos, supra, was decided on October 13, 1967. Jury verdicts in the instant cases were rendered September 22, 1967.

As the Maryland court said in Kelly v. Huber Baking Co., 145 Md. 321, 125 A. 782, 788: "The distinction between mere 'evidence of negligence' and 'negligence per se' is very marked, in that in the former there must be an adjudication as to whether or not the violation constitutes negligence, whereas in the latter negligence necessarily follows the proof of the violation." See also New Armsterdam Casualty Co. c. Novick Tranfer Co., 4 Cir., 274 F.2d 916.

█ Where the statute, or the regulations having the force of statute, fixes the standard of care and the court determines that it was intended to protect the class of persons in which plaintiffs are included against risk of the type of harm which has in fact occurred, the court must direct the jury that an unexcused or unjustified violation of such statute or regulation is negligence as a matter of law. A failure to so instruct is reversible error. Holbert v. Staniak, 359 Mich. 283, 102 N.W.2d 186; White v. Peters, 52 Wash.2d 824, 329 P.2d 471; Prosser on Torts, 2d Ed., p. 161.

Since we have determined that error in instructions requires reversal, we find it unnecessary to consider plaintiffs' other assignment of error.

Reversed.

BIEGELMEIER, P. J., RENTTO, J., and FOSHEIM, Circuit Judge, concur.

ROBERTS, J., dissents.

FOSHEIM, Circuit Judge, sitting for HANSON, J., disqualified.

ROBERTS, Judge (dissenting).

I have no disagreement with the legal principles discussed in the majority opinion, but the fact basis herein for their application is lacking. Proximate cause of an injury is the immediate cause uninterrupted by a new and independent cause

which produces the injury. Schmeling v. Jorgensen, 77 S.D. 8, 84 N.W.2d 558. The evidence as to the negligence of Arnold McPherson is without material conflict and reveals that when he bled the tank within the camper that he knew or should have known of the danger created by the negligence of the defendant. Where one who acts negligently was or should have become aware of a potential danger created by the negligence of another and thereafter by an independent act of negligence brings about an accident with injurious consequences to others the first tortfeasor is relieved of liability because the condition created by him was a circumstance and not the proximate cause of the accident. 65 C.J.S. Negligence § 111(2). It may be observed that "if the second actor does not become apprised of the danger arising from the first actor's negligence until after his own negligence, added to the existing peril, has made an accident with injurious consequences inevitable, both actors are liable, since the negligence of the one concurs with the negligence of the other proximately to cause the injury." 38 Am.Jur., Negligence, § 72. There was no evidence on which the jury could base a finding that McPherson was not apprised of the danger until after his own negligence. I think, therefore, that the claimed errors not affecting the results in the actions were without prejudice and the judgments appealed from should be affirmed.