Lela WALZ, Special Administrator of the Estate of Guy William Ludwig, deceased, Plaintiff and Appellant,

v.

CITY OF HUDSON, South Dakota, a Municipal Corporation, Defendant and Appellee.

Nos. 13578, 13579.

Supreme Court of South Dakota.

Argued Oct. 12, 1982.

Decided Dec. 15, 1982.

David V. Vrooman, Sioux Falls, and Lee M. McCahren, Vermillion, for plaintiff and appellant.

Blaine O. Rudolph, Canton, for defendant and appellee.

FOSHEIM, Chief Justice.

Lela Walz (appellant), as special administrator of the estate of Guy William Ludwig, sued the City of Hudson, South Dakota (appellee), doing business as the Hudson Municipal Liquor Store, for the wrongful death of Mr. Ludwig. Appellant's complaint alleged that appellee sold Larry VanEgdom intoxicating beverages when appellee knew or could have ascertained by observation that Mr. VanEgdom was intoxicated; that immediately thereafter Mr. VanEgdom, while driving a car, collided with Mr. Ludwig who was stopped on his motorcycle at a stop sign; and that Mr. Ludwig's resulting death was caused by appellee's negligence in selling alcholic beverages to Mr. VanEgdom. Appellee moved to dismiss the complaint on the grounds that it failed to state a cause of action upon which relief could be granted and that appellant failed to comply with SDCL 9–24–2 [1] by notifying it of her claim within sixty days of Mr. Ludwig's death. The trial court granted the motion based on failure to state a claim, appellant appeals. The trial court denied the motion based on noncompliance with SDCL 9–24–2, appellee filed a notice of review on that issue. We reverse that part of the order granting appellee's motion and affirm that part of the order denying the motion.

Appellant urges that we overrule our decision in *Griffin v. Sebek,* 90 S.D. 692, 245 N.W.2d 481 (1976), thus affording her a cause of action against appellee.

In *Griffin* the plaintiffs brought a negligence action against defendants, licensed tavernkeepers, seeking damages for personal injury resulting from defendants' unlawful sale of alcoholic beverages. Our decision, affirming the trial court's order granting defendants' motion to dismiss for fail-

---

1. SDCL 9–24–2 reads: No action for the recovery of damages for personal injury or death caused by its negligence shall be maintained against any municipality unless written notice of the time, place, and cause of the injury is given to the auditor or clerk by the person injured, his agent, or attorney, within sixty days after the injury.

ure to state a claim, said the issue was whether, in the absence of a dram shop act, "the common law now authorizes or should be liberalized to afford a remedy." *Id.* at 482. We determined that no such cause of action exists in South Dakota and declined to expand the common law to afford a remedy. We also did not extend SDCL 35–4–78(2) [2] to impose a civil liability duty. We take judicial notice that since *Griffin* was decided, alcohol has been involved in 50.8% of this state's traffic fatalities from 1976 to 1981; in 1981 alone, 62% of South Dakota's traffic fatalities were alcohol related.[3] *State v. Larson,* 81 S.D. 540, 138 N.W.2d 1 (1965); SDCL 19–10–2(2). This tragic waste of life prompts us to review our conclusions in *Griffin.* If the Legislature does not concur with our application of SDCL 35–4–78(2), as now announced, it is the prerogative of the Legislature to so assert. We fully realize this decision, while hopefully helpful, certainly cannot resolve the problems of alcohol-related deaths or injuries.

Negligence is the breach of a legal duty imposed by statute or common law. *Cowan v. Dean,* 81 S.D. 486, 137 N.W.2d 337 (1965); *Albers v. Ottenbacher,* 79 S.D. 637, 116 N.W.2d 529 (1962). *Griffin* recognized that a liquor licensee is not liable at common law for damages resulting from a patron's intoxication. The common law is in force in South Dakota except where it conflicts with federal or state constitutions and laws. SDCL 1–1–24.[4] SDCL 35–4–78(2) makes it a crime to sell intoxicating beverages to one

in Mr. VanEgdom's inebriated state and violation of a statute is negligence as a matter of law if the statute "was intended to protect the class of persons in which plaintiffs are included against risk of the type of harm which has in fact occurred." *Weeks v. Prostrollo Sons, Inc.,* 84 S.D. 243, 169 N.W.2d 725, 729 (1969); *Martino v. Park Jefferson Racing Ass'n,* 315 N.W.2d 309 (S.D.1982); *Alley v. Siepman,* 87 S.D. 670, 214 N.W.2d 7 (1974); *McCleod v. Tri-State Milling Co.,* 71 S.D. 362, 24 N.W.2d 485 (1946).

> The reason for this rule is that the statute or ordinance becomes the standard of care or conduct to which the reasonably prudent person is held. Failure to follow the statute involved constitutes a breach of the legal duty imposed and fixed by such statute. Since negligence is a breach of a legal duty, the violator of a statute is then negligent as a matter of law. (citation omitted)

*Alley,* 214 at 9.

Justice Dunn dissented in *Griffin.* He argued that SDCL 35–4–78(2) was passed for the protection of the plaintiffs. Since *Griffin* essentially turned on a reluctance to impose a common law duty in the absence of express civil liability legislation, we did not fully reach Justice Dunn's interpretation of SDCL 35–4–78(2). We do now. We believe that statute was enacted to include the protection of the class of people in Mr. Ludwig's position from the risk of being killed or injured "as a result of the

---

**2.** SDCL 35–4–78(2) reads: No licensee shall sell any alcoholic beverage, except low-point beer ... [t]o any person who is intoxicated at the time, or who is known to the seller to be an habitual drunkard. A violation of this section is a Class 1 misdemeanor.

**3.** Memorandum, South Dakota Department of Public Safety, June 24, 1982.

**4.** SDCL 1–1–24 reads: The evidence of the common law, including the law merchant, is found in the decisions of the tribunals.

In this state the rules of the common law, including the rules of the law merchant, are in force, except where they conflict with the will of the sovereign power, expressed in the manner stated in § 1–1–23.

SDCL 1–1–23 reads: The will of the sovereign power is expressed:
(1) By the Constitution of the United States;
(2) By treaties made under the authority of the United States;
(3) By statutes enacted by the Congress of the United States;
(4) By the Constitution of this state;
(5) By statutes enacted by the Legislature;
(6) By statutes enacted by vote of the electors;
(7) By the ordinances of authorized subordinate bodies;
(8) Rules of practice and procedure prescribed by courts or adopted by departments, commissions, boards, officers of the state or its subdivisions pursuant to authority so to do.

drunkenness to which the particular sale of alcoholic liquor contributes." *Id.* at 488 (Dunn, J., dissenting), quoting from *Waynick v. Chicago's Last Department Store,* 269 F.2d 322 (7th Cir.1959); *Martino, supra; Alley, supra; Weeks, supra; McCleod, supra.* Since SDCL 35–4–78(2) must be liberally construed "with a view to effect its objects and to promote justice," SDCL 2–14–12;[5] *State v. Hirsch,* 309 N.W.2d 832 (S.D.1981); *Rapid City v. First National Bank of the Black Hills,* 79 S.D. 38, 107 N.W.2d 693 (1961); *McCleod, supra,* we conclude that SDCL 35–4–78(2) establishes a standard of care or conduct, a breach of which is negligence as a matter of law. *Alley, supra.* It follows that such negligence must be a proximate cause of any resulting injury and defenses, such as contributory negligence, are available when appropriate.

▓▓▓ We therefore reverse the trial court's order dismissing appellant's complaint for failure to state a claim upon which relief may be granted. We affirm the trial court's order denying appellee's motion to dismiss based on appellant's failure to comply with SDCL 9–24–2's sixty day notice provision. SDCL 9–24–2 does not apply to wrongful death actions. *Stormo v. City of Dell Rapids,* 75 S.D. 582, 70 N.W.2d 831 (1955).

Since this decision applies existing statutory law, prospective or retroactive application is not addressed.

DUNN, and HENDERSON, JJ., concur.

WOLLMAN and MORGAN, JJ., concur specially.

5. SDCL 2–14–12 reads: The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the code of laws enacted by § 2–16–13. Such code establishes the law of this state respecting the subjects to which it relates and its provisions and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice.

* We watched with deep emotion—sadness and pride intermixed—the television coverage during recent days of the dedication of the Viet-

WOLLMAN, Justice (concurring specially).

Although I agree with Chief Justice Fosheim that liability for damages caused by an intoxicated customer may be imposed upon a vendor of alcoholic beverages on the basis of a violation of the statutory prohibition set forth in SDCL 35–4–78(2), I would go further and hold that there is now in this state a common law right of action to recover such damages. I would reach this result because I believe that those of us who were in the majority in *Griffin v. Sebek* took too narrow a view of the responsibility of the judiciary to fill a void by common law adjudication in the face of legislative in action. Although certainly deference must be shown by succeeding generations of judges to the considered pronouncements of their predecessors, the common law would long ago have stultified had those succeeding generations not been responsive to the contemporaneous societal needs. What may not have been perceived of as a remedial void requiring judicial action at the time *Paulson v. Langness,* 16 S.D. 471, 93 N.W. 655 (1903) and *Kennedy v. Garrigan,* 23 S.D. 265, 121 N.W. 783 (1909), were decided has mushroomed into a societal problem of deadly, both in the literal and figurative senses of that word, proportions, as is well documented in the majority opinion.* In this regard, I can do no better than to quote the words of then Chief Justice Dunn's dissent in *Griffin v. Sebek:*

I would respectfully submit that the time has come for this court to recognize a common law cause of action by an injured party against a seller of alcoholic

nam Veteran's Memorial in Washington, D.C. See "Honoring Vietnam Veterans—At Last," *Newsweek,* November 22, 1982, at 80. Suppose that instead of a memorial engraved with the names of 57,939 war dead, we erected each year in our nation's capitol a memorial bearing the names of the 25,000 or so Americans who each year are killed in alcohol-related motor vehicle accidents. Would not they loom as puzzling two millennia hence as Stonehenge does to us today—megaliths in memory of the victims of our unconcern.

beverages to an intoxicated person who causes injury by his intoxication. While it is true that this right of recovery was not recognized originally, there is a great difference between an intoxicated person driving a horse and buggy on a dirt road in 1889 and an intoxicated teenager hurtling down the highway at great speed in a five-thousand-pound automobile in 1972.

245 N.W.2d, 481 at 486–87. In so holding, I would join with those courts that have in recent years abrogated the common law rule of nonliability and have held that a vendor of alcoholic beverages may be held civilly liable for injuries proximately caused by an intoxicated customer. See, e.g., *Nazareno v. Urie,* 638 P.2d 671 (Alaska 1981), and the cases cited in footnote 3 therein. To those who might question why I have reversed my position since the decision in *Griffin v. Sebek,* I can only quote Justice Frankfurter's aphorism that "[w]isdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters National Bank & Trust Co.,* 335 U.S. 595, 600, 69 S.Ct. 290, 293, 93 L.Ed. 259, 264 (1949) (Frankfurter, J., dissenting).

Inasmuch as the imposition of common law liability would mark an abrupt departure from our prior holding in *Griffin v. Sebek,* supra, I would apply the benefit of such a decision only to plaintiff herein and to those causes of action accruing on and after the date of the remittitur in this case. *Lewis v. State,* 256 N.W.2d 181 (Iowa 1977).

I agree with the majority opinion that SDCL 9–24–2 is not applicable in this case.

MORGAN, Justice (concurring specially).

I read this decision to overrule *Griffin v. Sebeck.* We are in effect adopting the dissenting view therein on the applicability of SDCL 35–4–78(2), and applying it to these facts. How in the world can the author then say "we did not fully reach Justice Dunn's interpretation of SDCL 35–4–78(2)"? Granted, while that view was not adopted by the majority in *Griffin,* its mention implies it was considered.

I am not loath to fly in the face of stare decisis and overrule a bad decision or one that is outdated. For all the reasons stated by the author and by Justice Wollman in his special concurrence, I believe that *Griffin* was both bad law and is now outmoded and I concur in overruling it.

Since we are overruling our previous decision, I cannot agree with the author's attempt to dance around addressing prospective or retrospective application. I agree with Justice Wollman's disposition to "apply the benefits of the decision only to the plaintiff herein and to those causes of action accruing on and after the date of the remittitur in this case." (citation omitted)

I agree with the disposition of the issue regarding SDCL 9–24–2 as expressed in the opinion.