Arla Gwynn DILLMAN, As Guardian of Brandon Scott Simmons, A Minor, Plaintiff,

v.

Millage MADSEN, Defendant.

Civ. No. 85–4194.

United States District Court, D. South Dakota, S.D.

July 26, 1988.

Arlo D. Sommervold and Gary P. Thimsen, Sioux Falls, S.D., for plaintiff.

Reed A. Rasmussen, Aberdeen, S.D., George B. Boos, Milbank, S.D., for defendant.

## MEMORANDUM OPINION AND ORDER

NICHOL, Senior District Judge.

In the summer of 1985, Brandon and Eric Simmons lived with, and worked for, Martin Madsen on Madsen's farm near Wakonda, South Dakota. On July 29, 1985, the defendant, Millage Madsen, went to Martin's farm to ask for help shelling corn. Martin is Millage's son. Brandon and Eric accompanied Millage back to his farm and assisted Millage in his corn shelling operation and various other projects over the next two days.

On July 31, 1985, Brandon Simmons was severely injured while assisting Millage in shelling corn. At the time of the accident Brandon was 14 years old. Brandon had gotten his hand caught in the gears on the sheller and as a result Brandon lost all four fingers on his right hand and a portion of the hand above the knuckle. Since Brandon is a minor, suit was brought by his mother, Arla Dillman, as his guardian ad litem. Also, the plaintiff was a resident of Illinois, thus suit was brought in Federal Court.

The plaintiff originally filed suit on a negligence theory and also based upon a violation of the South Dakota Child Labor Statute. Prior to trial, however, the plaintiff dismissed her negligence claim and continued to trial based exclusively upon S.D. C.L. 60–12–3 (1987).[1] The jury was instructed that Brandon, at age 14, was employed by the defendant at the time of the injury. Thus, the liability issue to the jury was whether Millage Madsen, by employing Brandon Simmons to help him with the farm work, caused Brandon Simmons to be employed in an occupation dangerous to his life or health. Next, whether such violation was the proximate cause of Brandon's injury.

■ The issue was specific because South Dakota law concerning liability based upon a violation of a statutory standard is clear. Where a particular statutory standard is enacted to protect persons in the plaintiff's position or to prevent the type of accident that occurred, and the plaintiff can establish his relationship to the statute, unexplained violation of the statute renders the defendant negligent as a matter of law. *Lovell v. Oahe Elec. Co-Op.*, 382 N.W.2d 396, 397–98 (S.D.1986), citing *Weeks v. Prostrollo Sons, Inc.*, 84 S.D. 243, 248, 169 N.W.2d 725, 728–29

---

1. S.D.C.L. 60–12–3 provides in pertinent part:
   No child under 16 years of age shall be employed at any time in any occupation dangerous to life or health ...

(1969). This is true provided the violation is the proximate cause of injury to the person for whose protection the statute was enacted. *Alley v. Siepman*, 87 S.D. 670, 674, 214 N.W.2d 7, 9 (1974).

The trial was held on June 7–10, 1988, and a jury verdict was returned for the defendant. The plaintiff then made a motion for a new trial based upon a prejudicial error of law in that the Court allowed improper testimony. The testimony at issue centers around warnings and instructions the defendant gave to Brandon Simmons regarding safe work around the corn sheller which ultimately injured Brandon. I grant the plaintiff's motion for a new trial based upon the error.

■ A motion for a new trial is addressed to the sound discretion of the trial Court. *Allied Chemical Corp. v. Dailflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980); *Lane v. Chowning*, 610 F.2d 1385, 1388 (8th Cir.1979). The overriding principle that should guide the Court in considering a motion for a new trial is the prevention of injustice. *Fireman's Fund Ins. Co. v. Aalco Wrecking Co.*, 466 F.2d 179 (8th Cir.1972), *cert. denied* 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973); *Altrichter v. Shell Oil Co.*, 263 F.2d 377 (8th Cir.1959). If the jury verdict is a result of some prejudicial error of law (i.e., an error causing substantial harm to the losing party), then a new trial is justified. *See Midcontinent Broadcasting Co. v. North Central Airlines, Inc.*, 471 F.2d 357, 359 (8th Cir.1973); *Leichiman v. Pickwick Intern, Inc.*, 589 F.Supp. 831, 833 (Minn.1984) *affirmed*, 814 F.2d 1263 (8th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 161, 98 L.Ed.2d 116 (1987). In the present case, the testimony related to warnings should not have been admitted and a new trial is justified.

■ Defendant argues that Brandon Simmons' only job was to shovel or rake corn into a drag feed which takes the corn up to the sheller. Since this drag feed was several feet from the beveled gears, which injured Brandon, the defendant argued that his "occupation" was not dangerous. I disagree with defendant's narrow interpretation of Brandon's "occupation."

I hold that to take such a narrow view of Brandon's occupation usurps the purpose behind a child labor statute. The purpose for exacting these statutes was the protection of minors from physical harm, who, by reason of their immature years, presumptively are incapable of appreciating risks of injury. A narrow definition of "occupation" creates a situation where an employer could place a minor in a very dangerous environment and not be liable for injury to that minor as long as the exact duties assigned that minor were safe.

Take for example, a minor employed to wash dishes. Certainly that duty could not normally be considered dangerous. But, if the minor was required to wash those dishes in an area where dangerous machines were present, and he is near those machines while resting, and walks past them to get to the sink, then maybe washing dishes becomes a "dangerous occupation." The entire environment that the minor is subjected to while performing his assigned duties must be considered in formulating the definition of his "occupation."

In the present case, Brandon's particular duty was to shovel or rake corn. His duty placed him inside the defendant's corn crib. Also inside the crib was a machine that one expert testified to as "almost frightening." He was referring to the unguarded rotating shafts and gears on a corn sheller that was purchased in the 1940's. The area in which Brandon was raking the corn was some distance from that machine. However, Brandon walked past it to get to his duty station and with the defendant's knowledge, he stood only three to five feet from the machine while he was resting. Also, Brandon needed to walk past the machine to get outside to turn the machine off if necessary. Thus, the defendant's position that Brandon's "occupation" was simply to rake corn into the drag feed is incomplete.

■ Defendant presented testimony during trial that the boys were given instructions and warned to stay away from this machine. The defendant argues that this

testimony was presented to show that their "occupation" did not involve anything more than raking corn, which is not a "dangerous occupation." As I stated, this description of the occupation is too narrowly drawn. Thus, the evidence on warnings should not have been admitted for this purpose.

Since the "occupation" should have been defined to include the entire environment in which Brandon was subjected, the warnings about particular machines within that environment are not admissible because they turn to whether the defendant was at fault. The defendant's fault was not an issue in this case. Plaintiff's original claim that the defendant was negligent was withdrawn by plaintiff prior to trial.

The warnings also tend to excuse the defendant's possible violation of the child labor statute. The fact that a person who violated a statute did, or attempted to do, what any reasonably prudent person would have done under the same or similar circumstances is no excuse. 65 C.J.S. *Negligence*, § 19(8) (1966). For the above reasons, I conclude that testimony concerning the defendant's conduct in warning Brandon Simmons of a danger, unnecessarily and improperly confused the issue before the jury.

### CONCLUSION

The only issue on liability for the jury was whether the defendant employed 14-year-old Brandon Simmons in an occupation dangerous to life or health, and whether such employment proximately caused Brandon's injury. A definition of the "occupation" discussed in the child labor statute should not only include the specific task the minor was to perform, but also the entire environment surrounding that task, such as any dangers within his work area. Whether that "occupation" was dangerous to life or health, is then a fact question for the jury. Whether the defendant warned the minor of danger within that environment, is not relevant and not admissible.

### ORDER

Based on the foregoing,

IT IS ORDERED:

(1) That the plaintiff's Motion For a New Trial be granted.