HOLBERT, Respondent, v. PARISH, Appellant.

(159 N. W. 871.)

(File No. 4008.   Opinion filed November 13, 1916.)

1. **Appeals—Verdict, Imperfect Entry of—Entry After Appeal— Order Nunc Pro Tunc—Statute.**

Where the clerk's entry of verdict in the minutes failed to set out the verdict at length, as required by Code Civ. Proc., Sec. 274, was insufficient to comply with the statute, it being conceded by appellant that the judgment entry thereon is not void, **held,** that trial court still has power, after appeal from its order refusing to vacate the judgment, to direct the proper entry to be made nunc pro tunc.

2. **Appeals—Error—Prejudice, Necessity of Showing—Statute.**

Under Laws 1913, Chap. 178, Sec. 1, requiring disregard of an exception unless it clearly appears that the error complained of was prejudicial, appellant is not entitled to a reversal, in absence of a showing creating a presumption of prejudice.

Appeal from Circuit Court, Gregory County. Hon. William Williamson, Judge.

Action by Fanny Holbert, against Hart Parrish. From an order refusing to vacate a judgment for plaintiff, defendant appeals. Affirmed.

*M. L. Parrish, and W. J. Hooper,* for Appellant.

*O. E. Ford,* for Respondent.

(1) To point one of the opinion, Appellant cited: Thompson on Trials, Vol. 2, Sec. 2635; Locke v. Hubbard, (S. D.) 69 N. W. 588.

Respondent cited: Dalkbermeyer v. Scholtes, et al, 3 S. D. 183; Book 67, L. R. A. 194; Hall v. State 3 Ga. 18; State v. Valiere, 39 La. Ann. 1060, 3 So. 186.

WHITING, J. This is an appeal from an order refusing to vacate a judgment.

[1, 2] Appellant concedes that a verdict was returned in favor of the plaintiff and against the defendant and that such verdict was handed to the clerk of the trial court, but alleges that the clerk failed to enter the verdict, and that it has never been entered, and contends that, for the above reasons, the judgment entered upon such verdict must be set aside. Appellant concedes that such judgment is not void. It appears that the verdict was not entered at length in the minutes kept by the clerk, but such minutes do contain the following entry:

"Court convenes at 9 a. m. April 11th, and jury returns a verdict for plaintiff in case of Fanny Holbert v. Hart Parish and assess her damages at $100.00."

Section 274, C. C. P. directs that the verdict be set out at length. Appellant, by conceding that the judgment is not void, concedes that this requirement is not jurisdictional. Appellant concedes that the trial court could even yet require the clerk to make the proper entry, but contends that, until such entry is made, no judgment can rightfully be entered. Even if it should be conceded that the entry as made was not sufficient to comply with the statute, yet we are of the opinion that the trial court had the power, and still has the power, to direct the proper entry to be made nunc pro tunc. The appellant has not shown wherein he has been prejudiced under the facts shown. In the absence of such showing as will create a presumption of prejudice, appellant is not entiled to a reversal of the order appealed from. Section 1, c. 178, Laws 1913.

The order appealed from is affirmed.