#26840, #26841, #26893-aff in pt, rev in pt & rem-SLZ
**2014 S.D. 53**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

| | |
|---|---|
| SHANE LIEBIG, | Plaintiff and Appellee, |
| and concerning, | |
| LIEBEN PROMOTIONS, LLC, a South Dakota Limited Liability Company, KENNETH REINERT, and SPEARFISH EXCAVATING, INC., a South Dakota Corporation, | Interested Parties, |
| v. | |
| EDWARD C. KIRCHOFF and CROSS COUNTRY REAL ESTATE, LLC, a Wyoming Limited Liability Company, | Defendants and Appellants, |
| and | |
| WILLIAM J. "BILL" KEESTER, | Defendant. |

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE ROBERT A. MANDEL
Judge

\* \* \* \*

| | |
|---|---|
| THOMAS E. BRADY<br>ERIC T. DAVIS of<br>Brady Pluimer, PC<br>Spearfish, South Dakota | Attorneys for plaintiff<br>and appellee. |
| | |
| JOHN K. NOONEY<br>ROBERT J. GALBRAITH of<br>Nooney Solay & Van Norman, LLP<br>Rapid City, South Dakota | Attorneys for defendants<br>and appellants. |

\* \* \* \*

CONSIDERED ON BRIEFS
ON MAY 27, 2014
OPINION FILED **07/23/14**

ZINTER, Justice

[¶1.]     Shane Liebig sued Edward Kirchoff for specific performance of an alleged oral contract to purchase real property owned by Kirchoff. Liebig also sued for fraud and deceit. Kirchoff counterclaimed for "unjust enrichment/quantum meruit" arising out of Liebig's use of the property. After a bench trial, the circuit court denied Liebig's claim for enforcement of the alleged contract. A jury determined the remaining claims. The jury awarded Liebig compensatory and punitive damages on his fraud-and-deceit claim. The jury awarded Kirchoff damages on his "unjust enrichment/quantum meruit" claim. Kirchoff and Liebig both appeal. We affirm in part, reverse in part, and remand for a new trial on damages related to Liebig's fraud-and-deceit claim.

*Facts and Procedural History*

[¶2.]     In May 2010, Shane Liebig and Kenneth Reinert leased and operated the Black Hills Speedway in Rapid City. During the 2010 racing season, Liebig attempted to purchase the Speedway, but the owners declined, opting to sell the property at auction.

[¶3.]     Before the auction, Edward Kirchoff signed an agreement with a real estate agent identifying Cross Country Real Estate, LLC (CCRE), a company Kirchoff owned, as a prospective buyer of the Speedway. The agreement also indicated that Liebig was the authorized representative of CCRE to bid on the Speedway. Liebig and the real estate agent, acting on behalf of CCRE, purchased the Speedway for $350,000 at the auction, and the property was transferred to CCRE.

[¶4.]     Liebig and Kirchoff had a business relationship before the auction. Kirchoff had helped finance Liebig's purchase of a different commercial property. According to Liebig, Kirchoff orally agreed to a similar financing arrangement for the Speedway. Liebig testified that before the auction, he and Kirchoff orally agreed that Kirchoff would purchase the Speedway and later convey it to Liebig on certain terms. Kirchoff disputed this testimony.

[¶5.]     From November 2010 to March 2012, while CCRE was the record title owner, Liebig possessed the property and operated the Speedway. During that time, Liebig invested time and money improving the Speedway. Reinert, his company (Spearfish Excavating, Inc. (SEI)), and other third parties also provided labor and materials to improve the Speedway.

[¶6.]     In February 2011, a convenience store owner contacted Liebig about purchasing part of the Speedway's highway frontage. Liebig indicated that others had inquired about similar purchases but development never seemed feasible because Rapid City refused to plat the property and the South Dakota Department of Transportation refused to allow full vehicle access. Regardless, the owner offered $250,000 for a one-acre lot if the property could be platted and vehicle access approved. Liebig informed Kirchoff of the offer.

[¶7.]     Liebig then began efforts to get the property platted and vehicle access approved. According to Liebig, when it appeared the approvals were possible, he and Kirchoff entered into another oral agreement under which Kirchoff would develop the frontage property and add the costs of development to Liebig's purchase price.

[¶8.]        In February 2012, the Department of Transportation granted full vehicle access, and Rapid City approved a preliminary plat for the Speedway's frontage property. Liebig testified that after he informed Kirchoff of the approvals, Kirchoff told Liebig that "things [were] going to change." Liebig testified that Kirchoff told Liebig that Kirchoff was going to take possession and control of the Speedway, and that Liebig owed Kirchoff rent for the time Liebig operated the Speedway.

[¶9.]        Liebig subsequently sued Kirchoff for enforcement of the alleged purchase agreement. He also sued for fraud and deceit. Kirchoff counterclaimed, alleging "unjust enrichment/quantum meruit." Reinert and SEI were joined as parties after Reinert claimed in a deposition that he also had a right to purchase the Speedway. However, Reinert and SEI never followed through and filed a claim against Kirchoff.

[¶10.]        Following a bench trial, the circuit court ruled that Liebig failed to establish a contractual right to purchase the Speedway. The court found that "Liebig and Kirchoff never reached a meeting of the minds as to the essential terms of the contract." A jury decided the remaining claims. The jury awarded Liebig compensatory and punitive damages on his fraud-and-deceit claim. The jury also awarded Kirchoff damages on his "unjust enrichment/quantum meruit" claim. The circuit court awarded Liebig costs and disbursements.

[¶11.] Kirchoff raises the following issues on appeal:

1. Whether the circuit court erred in denying Kirchoff summary judgment on Liebig's fraud-and-deceit claim.

2. Whether the circuit court erred in denying Kirchoff's motion to dismiss Reinert and SEI as parties to the litigation.

3. Whether the circuit court erred in admitting Liebig's evidence of damages for the value of labor and materials Reinert and SEI supplied to improve the Speedway.

4. Whether the circuit court erred in admitting Liebig's evidence of damages for the value of labor and materials supplied by nonparties to improve the Speedway.

5. Whether the circuit court erred in admitting Liebig's evidence of damages incurred before he learned that Kirchoff would no longer adhere to the alleged oral agreement.

6. Whether the circuit court erred in awarding Liebig costs and disbursements as the prevailing party.

By notice of review, Liebig raises the following issues:

7. Whether the circuit court erred in denying Liebig a judgment as a matter of law on Kirchoff's "unjust enrichment/quantum meruit" counterclaim.

8. Whether Liebig, who allegedly used the property in reliance on Kirchoff's fraudulent statements, can be liable as a matter of law to Kirchoff for any benefits Liebig received from that use.

9. Whether the circuit court erred in concluding that no oral contract was formed for Liebig to purchase the Speedway from Kirchoff.

*Decision*

## 1. Denial of Summary Judgment on Fraud and Deceit

[¶12.] Kirchoff argues that the circuit court erred in denying his motion for summary judgment on Liebig's fraud-and-deceit claim. Kirchoff contends that

-4-

Liebig did not identify specific material facts of fraud and deceit sufficient to resist summary judgment.

[¶13.] "[T]hose resisting summary judgment [must] show that they will be able to place sufficient evidence in the record at trial to support findings on all the elements on which they have the burden of proof." *Bordeaux v. Shannon Cnty. Sch.*, 2005 S.D. 117, ¶ 14, 707 N.W.2d 123, 127 (quoting *Chem-Age Indus., Inc. v. Glover*, 2002 S.D. 122, ¶ 18, 652 N.W.2d 756, 765). Therefore, on his fraud-and-deceit claim, Liebig had the summary judgment burden to identify evidence suggesting: (1) that Kirchoff made a statement of fact to Liebig about the sale of the Speedway; (2) that Kirchoff knew this statement was untrue, or that he recklessly made it; (3) that Kirchoff intended to deceive Liebig; and (4) that Liebig justifiably relied on the statement to his detriment. *See Ehresmann v. Muth*, 2008 S.D. 103, ¶ 20, 757 N.W.2d 402, 406 (citations omitted); *N. Am. Truck & Trailer, Inc. v. M.C.I. Commc'n Servs., Inc.*, 2008 S.D. 45, ¶ 8, 751 N.W.2d 710, 713 (citations omitted).

[¶14.] In reviewing the adequacy of summary judgment responsive showings, we "look at *all* the evidence." *Rumpca v. Brenner*, 2012 S.D. 33, ¶ 8, 814 N.W.2d 128, 130 (emphasis added) (citation omitted). In this case, Kirchoff moved for summary judgment after the bench trial. In response to Kirchoff's statement of undisputed facts, Liebig relied on the testimony from the bench trial regarding representations allegedly made by Kirchoff. Liebig testified that based on those representations, he was led to believe that Kirchoff agreed to finance and sell Liebig the Speedway. Liebig also testified that in reliance on Kirchoff's statements, Liebig and others began improving the Speedway. Liebig further testified that once the

Department of Transportation granted full vehicle access and Rapid City approved the preliminary plat for the Speedway's frontage property,[1] Kirchoff changed the alleged agreement to sell the property. According to Liebig, Kirchoff also changed the alleged agreement to develop the frontage property and add the costs to Liebig's purchase price. We conclude that the record contained sufficient facts or inferences of fact to support findings on the elements of fraud and deceit. The representations supporting fraud and deceit were disputed, but reasonable doubts concerning genuine issues of material fact must be resolved against Kirchoff. *See, e.g.*, *De Smet Farm Mut. Ins. Co. v. Busskohl*, 2013 S.D. 52, ¶ 11, 834 N.W.2d 826, 831. The circuit court did not err in denying Kirchoff's motion for summary judgment on Liebig's fraud-and-deceit claim.

**2. Motion to Dismiss Reinert and SEI**

[¶15.]     Kirchoff argues that the circuit court erred in denying his motion for summary judgment seeking to dismiss Reinert and SEI as parties to the litigation. Kirchoff contends that after the circuit court ruled there was no contract to purchase the Speedway, the only remaining claims against him did not involve Reinert and SEI. Reinert and SEI filed no claim against Kirchoff, and they did not respond to his summary judgment motion. Kirchoff contends that he was prejudiced because the circuit court admitted evidence about the value of labor and materials Reinert and SEI provided to improve the Speedway.

---

1.    According to Liebig, these approvals increased the potential value of the Speedway. The $250,000 offer for the one-acre plot if the approvals were granted was only $100,000 less than the total auction price for the nearly forty-acre Speedway property.

[¶16.] Even if the circuit court erred in denying Kirchoff's motion, Kirchoff suffered no prejudice from the alleged error. As discussed in the next issue, the circuit court prohibited admission of evidence of the value of Reinert's and SEI's improvements to the extent that they might claim those damages. The evidence was admitted only as a part of Liebig's claim. Because that evidence would have been admitted even if Reinert and SEI had been dismissed, Kirchoff has not established prejudice from the alleged error. We affirm on this issue. *See Sejnoha v. Buchanan*, 71 S.D. 220, 223, 23 N.W.2d 142, 143 (1946) ("Error without prejudice is not a ground for reversal.").

**3. Value of Labor and Materials Supplied by Reinert and SEI**

[¶17.] Before the jury trial, Kirchoff filed a motion in limine seeking to exclude "[a]ny references to damages sustained by [Reinert] or [SEI.]" The circuit court granted the motion "insofar as [Reinert] or [SEI] are not making [a] claim for damages" and denied the motion "insofar as the value of labor and materials supplied by [Reinert] or [SEI] are part of [Liebig's] claim[.]" At trial, Liebig offered evidence of the value of labor and materials supplied by Reinert and SEI as a part of his damages claim.

[¶18.] Kirchoff argues that the circuit court erred in admitting evidence of the value of labor and materials provided by Reinert and SEI. Liebig responds that Kirchoff failed to preserve this issue for appeal because the court's in limine ruling was not a definitive ruling and Kirchoff did not object at the time the evidence was offered at trial.

[¶19.] "Once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or

offer of proof to preserve a claim of error for appeal." SDCL 19-9-3 (Rule 103(a)). A "definitive" ruling is "a final and authoritative determination regarding [the] admission of . . . evidence[.]" *State v. Johnson,* 2009 S.D. 67, ¶ 14, 771 N.W.2d 360, 366.

[¶20.]    In this case, the circuit court's in limine ruling was a final and authoritative determination regarding the admission of evidence of the value of labor and materials provided by Reinert and SEI. The court definitively ruled that the evidence was admissible insofar as it was part of Liebig's claimed damages. Therefore, Kirchoff's claimed error was preserved for appeal.

[¶21.]    On the merits, Kirchoff argues that the circuit court erred because Liebig cannot recover damages for the value of labor and materials provided by Reinert and SEI. Kirchoff points out that Liebig did not pay Reinert and SEI, nor did Liebig present evidence of an obligation to pay. Therefore, Kirchoff contends that Liebig suffered no detriment arising from Reinert's and SEI's improvements, and evidence of those improvements was inadmissible to prove Liebig's damages.[2]

[¶22.]    Because the jury found in favor of Liebig, Kirchoff was liable to Liebig for any damages that Liebig suffered or sustained as result of Kirchoff's fraud and deceit. *See* SDCL 20-10-1 ("One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."); *see also* SDCL 21-3-1 ("For the breach of an obligation not

---

2.    We review "a decision to admit or deny evidence under the abuse of discretion standard." *JAS Enters. v. BBS Enters.*, 2013 S.D. 54, ¶ 21, 835 N.W.2d 117, 125 (quoting *Ferebee v. Hobart,* 2009 S.D. 102, ¶ 12, 776 N.W.2d 58, 62). This standard applies to decisions on motions in limine. *Id.* (citation omitted).

arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."); *Hoff v. Bower*, 492 N.W.2d 912, 914 (S.D. 1992) ("The right to damages for deceit . . . is founded upon the theory of full compensation for the injury sustained." (citation omitted)). Therefore, Liebig was entitled to claim damages that *he* suffered or sustained.

[¶23.]      However, Reinert and SEI made no claim against Liebig for the value of the labor and materials they provided to improve the Speedway. The record reflects that Reinert had provided improvements at the Speedway without compensation since 2008, before CCRE's purchase of the property. Because Liebig presented no evidence that he paid for, or was obligated to pay for, Reinert's and SEI's labor and materials, evidence of the value of those improvements was irrelevant in the litigation. To compensate Liebig for the cost of Reinert's and SEI's labor and materials would compensate Liebig for damages he did not suffer or sustain. Therefore, the evidence of the value of labor and materials provided by Reinert and SEI was irrelevant and inadmissible. *See* SDCL 19-12-2 (Rule 402) ("Evidence which is not relevant is not admissible."). The circuit court abused its discretion in admitting this evidence.

[¶24.]      Liebig, however, contends that he was entitled to the value of labor and materials supplied by Reinert and SEI because "[h]ad Kirchoff not committed fraud, Liebig would have [had] a right to purchase the Speedway together with the improvements made." But Liebig was not deprived of "the right to purchase" the

Speedway because of Kirchoff's misrepresentations. The circuit court found that Liebig had no legal right to purchase the Speedway because Liebig and Kirchoff had not entered into a contract for the purchase of the property. And as we explain below, the circuit court did not err in making that determination. Therefore, Liebig's inability to acquire the Speedway with its improvements was caused by his failure to obtain a contract to purchase. And because Liebig cites no authority that a verdict in his favor on his fraud-and-deceit claim gave him an additional legal right to purchase the Speedway, Liebig's claim for improvements provided by Reinert and SEI fails.

[¶25.] Liebig, however, points out that the circuit court gave a jury instruction entitling him to recover damages for improvements provided by third parties. Liebig argues that because Kirchoff failed to reiterate his objections to third-party improvements when the instructions were settled, that instruction became the law of the case. *See Alvine Family Ltd. P'ship v. Hagemann*, 2010 S.D. 28, ¶ 20, 780 N.W.2d 507, 514 ("Absent a proper objection, we have long held that the jury instructions become the law of the case." (citations omitted)).

[¶26.] Liebig's argument fails because Kirchoff made a sufficient objection to the instruction. Although Kirchoff did not repeat the arguments made in his motion in limine, he explained that his objection to the instruction was based on his previous motions. This objection advised the circuit court of the possible error in the jury instruction and afforded the court the opportunity to correct the instruction. *See Duda v. Phatty McGees, Inc.*, 2008 S.D. 115, ¶ 27, 758 N.W.2d 754, 762 ("An attorney must be clear when objecting to jury instructions so the trial

court is advised of what possible errors exist and be granted the opportunity to correct any instructions." (citation omitted) (internal quotation marks omitted)). Kirchoff preserved the issue for appellate review.

[¶27.]    Kirchoff also established prejudice. If the value of the labor and materials supplied by Reinert and SEI is subtracted from the jury's award, the jury awarded more than Liebig's remaining claimed damages for fraud and deceit. Because the jury's award exceeded the amount Liebig was entitled to claim, we reverse the award and remand for a new trial on damages.

**4. Value of Labor and Materials Supplied by Other Nonparties**

[¶28.]    Like the preceding issue, Kirchoff argues that evidence of the value of labor and materials supplied by others who were not parties to the litigation was irrelevant and inadmissible. Kirchoff points out that Liebig did not present evidence that he paid for, or was obligated to pay for, the nonparties' labor and materials. Because those improvements are like those supplied by Reinert and SEI, and because we are remanding for a new trial on damages, we need not discuss each of the other nonparty improvements. On remand, the circuit court should, consistent with this opinion, only admit evidence of nonparty improvements that Liebig paid for, had an obligation to pay for, or for which some valuable quid pro quo was exchanged.

**5. Damages Liebig Suffered Before Discovering the Fraud and Deceit**

[¶29.]    Kirchoff argues that Liebig cannot recover fraud-and-deceit damages he suffered before February 14, 2012, because Liebig testified that he did not discover Kirchoff's fraud and deceit until that date. Damages are recoverable for fraud and deceit because the tortfeasor intentionally deceives another into

detrimental action by a seemingly true statement of fact, which is later discovered to be untrue or to have been recklessly made. *See Ehresmann*, 2008 S.D. 103, ¶ 20, 757 N.W.2d at 406 (citations omitted); *N. Am. Truck & Trailer, Inc.*, 2008 S.D. 45, ¶ 8, 751 N.W.2d at 713 (citations omitted); *see also* SDCL 20-10-1 to -2. Therefore, by definition, the victim of fraud and deceit is entitled to damages incurred before discovery of the fraud and deceit. Indeed, the victim suffers damages because he is unaware that the tortfeasor's statements are fraudulent or deceitful when made. The circuit court did not err in admitting evidence of fraud-and-deceit damages incurred by Liebig before he discovered the fraud and deceit.

## 6. Costs and Disbursements

[¶30.] Because we are reversing and remanding for a new trial on damages, we do not reach this issue. The circuit court should reconsider its costs-and-disbursements award following the ultimate disposition of this case.

## 7. "Unjust Enrichment/Quantum Meruit"

[¶31.] Kirchoff counterclaimed for "unjust enrichment/quantum meruit." Kirchoff claimed that Liebig benefited from the use of the Speedway in 2011, but he did not pay for that use. Kirchoff argued that it was inequitable for Liebig to receive that benefit without paying for it.

[¶32.] Before Kirchoff's counterclaim was submitted to the jury, Liebig moved for a judgment as a matter of law. He renewed the motion after trial. *See* SDCL 15-6-50(a)-(b). Liebig contended that Kirchoff did not offer sufficient evidence of the value of the benefit Liebig received. The circuit court denied both motions. The jury awarded Kirchoff $36,000 on the counterclaim. On appeal, Liebig argues that

the circuit court abused its discretion in denying his motions for judgment as a matter of law.

[¶33.]     Evidence was admitted at trial regarding the value of the use of the Speedway. Liebig testified that he leased the Speedway in 2010 for $36,000. He also submitted the lease agreement confirming that amount. Kirchoff argues that the 2010 payment was sufficient evidence of the value of the benefit Liebig received for use of the Speedway in 2011.

[¶34.]     In resolving sufficiency of evidence issues, this Court "examine[s] the record to determine only if there is competent and substantial evidence to support the verdict." *Bertelsen v. Allstate Ins. Co.*, 2013 S.D. 44, ¶ 16, 833 N.W.2d 545, 554 (quoting *Roth v. Farner–Bocken Co.,* 2003 S.D. 80, ¶ 20, 667 N.W.2d 651, 661). In this case, the jury could have reasonably concluded that the $36,000 paid by Liebig in 2010 was evidence of a $36,000 benefit Liebig received for use of the Speedway in 2011. Drawing all reasonable inferences in favor of Kirchoff, we conclude that the circuit court did not abuse its discretion in denying Liebig's motions for judgment as a matter of law. *See id.* ("All conflicts are resolved and all reasonable inferences are drawn in favor of the prevailing party." (citation omitted)).

**8. Liebig's Liability for Use of the Speedway**

[¶35.]     Liebig argues that this Court should hold, as a matter of law, that a party who uses real property in reliance on another party's fraudulent statement cannot be liable for the value of the benefit received from that use. Liebig raises this issue for the first time on appeal. "We have consistently held that this Court may not review theories argued for the first time on appeal." *Alvine Family Ltd.*

*P'ship*, 2010 S.D. 28, ¶ 21, 780 N.W.2d at 514 (citation omitted). We decline to address this issue.

**9. Oral Contract for the Sale of the Speedway**

[¶36.]        Liebig argues that the circuit court erred in finding that he and Kirchoff did not form an oral contract for the sale of the Speedway. Liebig contends that the circuit court made its finding under the mistaken belief that the parties failed to agree to the material terms of a contract. Liebig misreads the circuit court's findings of fact.[3]

[¶37.]        "There must be mutual assent or a meeting of the minds on all essential elements or terms in order to form a binding contract." *Vander Heide v. Boke Ranch, Inc.*, 2007 S.D. 69, ¶ 20, 736 N.W.2d 824, 832 (quoting *Read v. McKennan Hosp.*, 2000 S.D. 66, ¶ 23, 610 N.W.2d 782, 786). "Whether there is mutual assent is a fact question determined by the words and actions of the parties." *Id.* (citation omitted).

[¶38.]        The circuit court found that mutual assent did not exist on all the material terms of the contract. Liebig, however, emphasizes that the circuit court found his testimony "as to the parties' agreement" credible. According to Liebig, by finding his testimony credible, the court accepted his testimony in which he testified to the terms of the alleged agreement.

---

3.    "We review the circuit court's findings of fact under the clearly erroneous standard." *Vander Heide v. Boke Ranch, Inc.*, 2007 S.D. 69, ¶ 17, 736 N.W.2d 824, 831 (quoting *City of Deadwood v. Summit, Inc.*, 2000 S.D. 29, ¶ 9, 607 N.W.2d 22, 25).

[¶39.]     Liebig, however, takes the court's credibility finding out of context and fails to consider the court's other findings of fact. Although the court found Liebig's testimony credible, it also found "that there was no agreement concerning the acreage of real property that would be transferred to Liebig. Specifically, there was no agreement as to whether the entire parcel or only a portion would be transferred." This finding was not clearly erroneous.

[¶40.]     The bench-trial transcript reflects that it was unclear whether Liebig was to buy the entire Speedway property, including the highway frontage, or whether he was only to buy the racetrack portion. Liebig testified that "[he] was known as the owner of the speedway[.]" But he also conceded that it was not until he was approached about the sale of the frontage property that he had discussions with Kirchoff about who was going to realize or receive the money from the sale of the property. Liebig's own testimony supports the circuit court's finding "that there was no agreement concerning the . . . real property that would be transferred to Liebig." Therefore, mutual assent between Kirchoff and Liebig on a material term—a description of the land—was missing. *Cf. LaMore Rest. Grp., LLC v. Akers*, 2008 S.D. 32, ¶ 15, 748 N.W.2d 756, 761 (explaining that for land sale contracts, a description of the land is a material term); *Amdahl v. Lowe*, 471 N.W.2d 770, 774-75 (S.D. 1991) (concluding that a material term of an enforceable land sale contract includes a description of the land to be conveyed).

[¶41.]     "Consent is not mutual unless the parties all agree upon the same thing in the same sense." SDCL 53-3-3; *see also Geraets v. Halter*, 1999 S.D. 11, ¶ 16, 588 N.W.2d 231, 234 ("An agreement is the result of a mutual assent of two

parties to certain terms, and, if it be clear that there is no consensus, what may have been written or said becomes immaterial." (citation omitted)).  Kirchoff and Liebig's post-auction discussion concerning the frontage property supports the absence of mutual assent to the property to be conveyed.  *See Geraets*, 1999 S.D. 11, ¶ 16, 588 N.W.2d at 234 ("Ensuing negotiations evidence absence of intent that the purchase agreement constitutes a final and complete agreement." (citations omitted)).  The circuit court did not clearly err in finding that Liebig and Kirchoff never reached a meeting of the minds as to the material terms of the contract.

[¶42.]        Affirmed in part, reversed in part, and remanded for a new trial on damages related to Liebig's fraud-and-deceit claim.

[¶43.]        GILBERTSON, Chief Justice, and KONENKAMP, SEVERSON, and WILBUR, Justices, concur.